Herman W. SWENSON,
Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 84–3724.

United States Court of Appeals, Ninth Circuit.

Decided Dec. 13, 1984.

Order Filed Oct. 6, 1986.

Robert P. Stephens, Spokane, Wash., for plaintiff-appellant.

Paul McGrath, Asst. Atty. Gen., John E. Lamp, U.S. Atty., James B. Crum, Asst. U.S. Atty., Patrick E. McBride, Regional Atty., Richard H. Wetmore, Asst. Regional Atty., Dept. of Health & Human Services, Seattle, Wash., for defendant-appellee.

Before WRIGHT, SNEED and ALARCON, Circuit Judges.

## ORDER

In December 1984, we reversed a judgment which denied Swenson social security disability benefits and remanded the case to allow the Secretary an opportunity to rebut Swenson's prima facie showing of disability. *Swenson v. Heckler*, 753 F.2d 1083 (9th Cir.1984) (unpublished memorandum decision).

Swenson has now applied for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[1] The issue is whether he is a "prevailing party," as required by the EAJA. *See* 28 U.S.C. § 2412(d). We hold that he is not and deny his application as premature.

In holding that securing a remand on an appeal of an administrative disability decision is insufficient to qualify a claimant as a prevailing party under the EAJA, we join the other circuits that have considered the question. *See Cook v. Heckler*, 751 F.2d 240 (8th Cir.1984); *Brown v. Secretary of Health and Human Services*, 747 F.2d 878 (3d Cir.1984); *McGill v. Secretary of Health and Human Services*, 712 F.2d 28 (2d Cir.1983), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). *Cf. Taylor v. Heckler*, 778 F.2d 674 (11th Cir. 1985) (concluding no fee eligibility until remand concluded and district court has entered final judgment; basing decision on finality rather than "prevailing party"). Our holding is also compelled by Ninth Circuit precedent. *See Escobar-Ruiz v. INS*, 787 F.2d 1294 (9th Cir.1986).[2]

APPLICATION DENIED. Swenson may renew his fee application within 60 days after obtaining an award of benefits on remand.

---

1. The EAJA expired by its own terms on October 1, 1984, but continues to apply to actions begun before that date. Pub.L. 96–481, § 204(c), 94 Stat. 2321, 2329 (1980). Swenson filed his complaint in district court in October 1982. Congress recently reenacted the EAJA, and made the reenactment retroactive to October 1, 1984. Pub.L. 99–80, 99 Stat. 183 (1985).

Swenson seeks attorney fees only under 28 U.S.C. § 2412(d), and not under the different requirements of 28 U.S.C. § 2412(b), although the basis for our decision here applies to both subsections.

2. *Mantolete v. Bolger*, 791 F.2d 784 (9th Cir. 1986) does not apply to Swenson's appeal because this panel did not set a significant legal precedent or otherwise confer any general benefits on social security claimants. Instead the panel applied well-established legal precedents to the facts of Swenson's case.