**James SPURLOCK, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. C–91–0648–VRW.**

United States District Court, N.D. California.

Jan. 29, 1992.

James Hunt Miller, San Francisco, Cal., for plaintiff.

George C. Stoll, Asst. U.S. Atty., U.S. Attys. Office, San Francisco, Cal., and Jerry Bassett, Asst. Regional Counsel, Office of Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant.

## ORDER

WALKER, District Judge.

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), authorizes an award of attorney fees to a prevailing party in certain civil litigation against the United States. This case requires the court to consider when an applicant for supplemental social security income benefits becomes a "prevailing party" in light of the Supreme Court's recent decision in *Melkonyan v. Sullivan.*

This matter is before the court on defendant's motion for reconsideration of the court's August 29, 1991 order awarding attorney fees to plaintiff under the EAJA. The court received briefs from both parties on this matter, and ordered counsel to appear on November 15, 1991, to discuss the content of the court's order. The court has now heard arguments from counsel, and has also considered the briefs and other documents filed in this matter.

For the reasons stated below, the court VACATES both the August 29 order awarding attorney fees and the stipulated order of remand entered July 22, 1991. Furthermore, upon review of the pleadings in this case and the record of the administrative proceeding, the court, pursuant to 42 U.S.C. § 405(g) sentence four, REVERSES the decision of the Secretary and REMANDS the matter to the Secretary for a supplemental hearing and vocational expert testimony.

## I. BACKGROUND.

In October 1988, one day after his release from the California State Department of Corrections, plaintiff James Spurlock applied for supplemental security income ("SSI") benefits. Spurlock has previously been awarded SSI benefits in 1974, but these benefits were terminated when he entered prison.

Spurlock's application was denied, and, in May 1989, Spurlock sought a hearing before an administrative law judge ("ALJ"). That hearing was held on March 13, 1990. Spurlock appeared without representation. At the hearing, the only evidence presented to the ALJ was testimony from Spurlock himself and Dr. Daniel Beittel, a psychiatrist. Dr. Beittel reviewed the medical evidence in Spurlock's case. Spurlock declined an opportunity to cross-examine Dr. Beittel. In July 1990, the ALJ denied Spurlock's application.

In March 1991, Spurlock filed suit in this court seeking relief from a final decision of the Secretary of the Department of Health and Human Services denying Spurlock's application for disability benefits. The Secretary answered the complaint by denying that Spurlock was entitled to benefits and alleging that "the findings of fact of the Secretary are supported by substantial evidence and are conclusive." Answer at 2. In July 1991, after Spurlock had moved for summary judgment on the grounds that the ALJ's decision was not supported by substantial evidence, the parties stipulated that the action be remanded to the Secretary for further administrative proceedings, including a supplemental hearing and the taking of vocational expert testimony. The court entered a stipulated order of remand on July 22, 1991.

Following the remand, Spurlock moved for an award of EAJA attorney fees. The court awarded attorney fees in the amount requested on August 29, 1991. Defendant then filed this motion to reconsider, on the grounds that Spurlock could not be a "prevailing party" as required by the EAJA for an award of attorney fees.

Defendant's argument in support of the motion to reconsider is premised in part on the recent Supreme Court ruling in *Melkonyan v. Sullivan,* — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), that a district court may remand a claim for social security benefits only in accord with sentence four or sentence six of 42 U.S.C. § 405(g). Because the stipulated remand entered by the court on July 22 was not in accord with either of these two provisions of § 405(g), defendant argued that the "remand" ordered by the court could not be a "final judgment," but was instead a "voluntary dismissal" which could not create a "prevailing party" for purposes of the EAJA. Furthermore, under Ninth Circuit prece-

dent predating *Melkonyan,* a party who wins from the district court merely a remand for further administrative proceedings cannot be a "prevailing party" entitled to EAJA attorney fees. *Swenson v. Heckler,* 801 F.2d 1079 (9th Cir.1986).

Following defendant's motion for reconsideration, the court, in an order to show cause, directed Spurlock to respond to defendant's arguments. Spurlock's timely-filed response argued that the parties had stipulated to a "remand," not a "voluntary dismissal," that after *Melkonyan* this remand must be under either sentence four or sentence six of 42 U.S.C. § 405(g), that it was not clear which type of remand was ordered by the court, and that if there were no basis in the July 22 order to choose between the two types of remands the July 22 order should be withdrawn and replaced with a more clear order of remand under the appropriate provision of 42 U.S.C. § 405(g). Spurlock further argued that the pre-*Melkonyan* Ninth Circuit precedent relied upon by defendant would defeat the ability of a party to receive EAJA attorney fees following any sentence four remand, and therefore makes no sense in light of *Melkonyan.*

## II. THE COURT'S PRIOR ORDERS.

District courts, on motion and upon such terms as are just, may relieve parties from an order or final judgment on the grounds of mistake. Fed.R.Civ.P. 60(b)(1). The court has carefully considered the arguments by the parties and has studied the Supreme Court's unanimous opinion in *Melkonyan v. Sullivan.* The court determines that a remand order, even a remand stipulated by the parties, must comply with the instructions of the Supreme Court in *Melkonyan.* Because the July 22 stipulated order does not comply with *Melkonyan,* the court now VACATES the July 22 order. Of course, the August 29 award of attorney fees, which was premised upon the July 22 order, is also VACATED. The vacated orders are replaced by this order.

## III. DISPOSITION OF THE PARTIES' MOTIONS.

In *Melkonyan v. Sullivan,* the Supreme Court considered the award of EAJA attorney fees following a remand to the Secretary pursuant to 42 U.S.C. § 405(g). In that case, as in this one, the plaintiff sought review in the district court after his application for SSI benefits was denied by an ALJ. *Melkonyan,* 111 S.Ct. at 2160. There, as here, the plaintiff moved for summary judgment, but while the motion was pending the parties agreed to have the matter remanded to the Secretary. *Id.* As in this case, it was not clear whether the stipulated remand was made pursuant to sentence four or sentence six of § 405(g). *Id.* at 2165.

The *Melkonyan* Court held that the timing of an application for an award of EAJA attorney fees depended upon which kind of remand the district court had ordered. In so holding, the Court expressly held that § 405(g) permits only the two types of remand specified in sentence four and sentence six. *Id.* at 2164, *citing Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990).

Because the Court could not determine whether the district court's remand in *Melkonyan* was pursuant to sentence four or sentence six, the Court remanded the case without deciding whether Melkonyan's application for EAJA attorney fees should be granted. The Court did, however, instruct the district court in how to proceed:

> [W]e conclude that in § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six. Construing remand orders in this manner harmonizes the remand provisions of § 405(g) with the EAJA requirement that a "final judgment" be entered in the civil action in order to trigger the EAJA filing period. 28 U.S.C. § 2412(d)(1)(B). In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appeal-

able. See § 2412(c)(2)(G). In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.

*Melkonyan,* 111 S.Ct. at 2165.

Because *Melkonyan* is binding upon this court, and was decided by the Supreme Court before the parties stipulated to a remand, the court can only remand the matter, and address an application for EAJA attorney fees, in accordance with the *Melkonyan* decision.

### A. *Remand.*

■ The court may enter a sentence six remand in only two situations. In the first, the court orders a sentence six remand when the Secretary, before filing an answer to plaintiff's complaint, seeks a remand for further proceedings. The remand here cannot be this type of sentence six remand, because the Secretary filed an answer in this case before agreeing to the remand. The second type of sentence six remand can occur at any time, if the court finds that there is new evidence to be taken and that there is good cause for the failure of the secretary to have considered the new evidence in the prior proceedings. The remand here is not this kind of remand, because there is no showing of good cause for the failure to consider the vocational expert testimony which the parties stipulated should be heard in the further proceedings.

A sentence four remand can occur only where the court enters, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary. In entering its judgment, the court must treat the factual findings of the Secretary as conclusive, if supported by substantial evidence. 42 U.S.C. § 405(g).

The court has no trouble finding that the decision of the Secretary denying Spurlock's application for SSI benefits was not supported by substantial evidence. The stipulated remand, in which the parties agreed that further evidence is necessary to fully determine the merits of plaintiff's application, raises the inference that the previous evidentiary proceedings were materially deficient.

Therefore, it is the court's judgment that the decision of the Secretary should be REVERSED and the matter REMANDED for further administrative proceedings, including a supplemental hearing and vocational expert testimony, in accord with 42 U.S.C. § 405(g) sentence four.

### B. *Attorney fees.*

The EAJA specifies that in certain circumstances where the United States is a party, " * * * a court shall award to a prevailing party * * * fees and other expenses." 28 U.S.C. § 2412(d)(1)(A). Prior to *Melkonyan,* the Ninth Circuit ruled that the "securing [of] a remand on an appeal of an administrative disability decision is insufficient to qualify a claimant as a prevailing party under the EAJA * * *." *Swenson v. Heckler,* 801 F.2d at 1080. The holding in *Swenson* was "compelled," by the Ninth Circuit's ruling in *Escobar Ruiz v. I.N.S.,* 787 F.2d 1294 (9th Cir.1986), a case involving a remand to the Board of Immigration Appeals, in which the Court of Appeals retained jurisdiction so that the petitioner could seek EAJA attorney fees from the court in the event that the administrative agency granted petitioner's relief in the remanded proceedings. *Swenson,* 801 F.2d at 1080.

The rule in *Swenson* was not unique to the Ninth Circuit. *See, e.g., Brown v. Secretary of Health and Human Services,* 747 F.2d 878 (3d Cir.1984); *Cook v. Heckler,* 751 F.2d 240 (8th Cir.1984); *McGill v. Secretary of Health and Human Services,* 712 F.2d 28 (2d Cir.1983). The Supreme Court had also indicated that, under the EAJA, "where a court's remand to the agency for further administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain 'prevailing party' status within the meaning of § 2412(d)(1)(A) until after the result of the administrative proceedings is known." *Sullivan v. Hudson,* 490 U.S.

877, 886, 109 S.Ct. 2248, 2254–55, 104 L.Ed.2d 941 (1989).

■ The Court's holding in *Melkonyan* suggests that a different rule must apply when a district court orders a sentence four remand. In a sentence six remand, of course, the remand itself does not create a final judgment, and no party is "prevailing," until the Secretary completes the postremand proceedings and the Secretary returns to the district court for entry of final judgment. *Melkonyan*, 111 S.Ct. at 2165. At that time, one party will "prevail," and if that party is the plaintiff, an award of EAJA attorney fees may result. This plaintiff would be a "prevailing party" even under the *Swenson v. Heckler* rule.

But where, as here, a plaintiff succeeds in obtaining a sentence four remand, the district court enters judgment only on the matter of remand. There will not be a judgment by the district court following the Secretary's determination on the merits, and there is no opportunity for the district court to retain jurisdiction, as was done by the Court of Appeals in *Escobar Ruiz*.

The *Melkonyan* Court has made it clear that, for sentence four remands, the filing period for EAJA attorney fees begins after the judgment of remand is entered by the district court and the appeal period has run so that the judgment is no longer appealable. 111 S.Ct. at 2165. Under the EAJA, this filing period is only thirty days long. 28 U.S.C. § 2412(d)(1)(B). It is unreasonable to expect that the Secretary will determine the merits of plaintiff's SSI application within this short time. Therefore, the only reasonable operation of the EAJA in the case of a sentence four remand is for the court to consider an award of attorney fees upon the plaintiff's winning a remand for further administrative proceedings.

■ The *Melkonyan* Court realized that its ruling in that case would work a modification to the procedure for obtaining EAJA fees. To facilitate the development by lower courts of new procedures to provide for EAJA fees after a sentence four remand, the Court expressly limited the application of its prior holding in *Sullivan v. Hudson* to "those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings * * *." *Melkonyan*, 111 S.Ct. at 2162. This is the situation created by a sentence six remand. Thus, *Hudson's* rule that a claimant "will not normally attain 'prevailing party' status * * * until after the result of the administrative proceedings is known," 490 U.S. at 886, 109 S.Ct. at 2255, applies to cases in which the district court remands under § 405(g) sentence six, but not when the district court remands pursuant to § 405(g) sentence four. *Swenson v. Heckler*, the earlier Ninth Circuit precedent which also stands for the principle expressed in *Hudson*, makes sense only if similarly limited.

■ In *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), the Supreme Court held that litigants "may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."[1] Here, as in most actions in which a party seeks an opportunity to present further evidence before an administrative tribunal, Spurlock succeeded in obtaining almost all that this court could provide to him. Spurlock succeeded on the most significant issue before this court—whether the denial of his application for SSI benefits by the Secretary was final, or whether, instead, Spurlock could continue in his effort to obtain benefits. Spurlock's vindication of his right to present evidence to the Secretary in support of his claim for SSI benefits was a clear victory, and one that satisfies the *Hensley* standard. This leads to the obvious conclusion that where a plaintiff succeeds in obtaining a sentence four remand, the plaintiff must be considered eligible for EAJA attorney fees as a "prevailing party"

---

1. Although *Hensley* involved an interpretation of 42 U.S.C. § 1988, the standards set forth in that opinion "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley*, 461 U.S. at 433 n. 7, 103 S.Ct. at 1939 n. 7.

even though there is not yet a final determination on the merits of the plaintiff's SSI application.

This rule advances the purpose implicit in the EAJA fee provisions. Congress rightly provides for the award of attorney fees where an applicant is forced to come to the district court and incur legal expenses in order to gain from the agency the full and fair hearing which the agency should have provided in the first place. The EAJA "ensure[s] that [private parties] will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in securing the vindication of their rights." H.R.Rep. No. 120, 99th Cong., 1st Sess. 4, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 132–33. This Congressional purpose is frustrated if parties who prevail on a sentence four remand are unable to obtain EAJA fees because no final administrative determination is reached before the thirty day filing period expires.

As described by counsel for the government at the November 15 hearing, it is the practice of the government in cases, such as the one at bar, where a plaintiff seeks to present further evidence in SSI proceedings, to review a claimed insufficiency of evidence only after the applicant brings suit in federal court and after the Secretary has answered the complaint by denying the need to take further evidence. The government's current practice virtually assures that those applicants who are denied benefits on an insufficient evidentiary basis will have to bring suit in order to obtain a full hearing by the Secretary. Counsel for the government made much of the fact that where the government's attorney then determines that further evidence is necessary, the government "voluntarily" agrees to return the matter to the Secretary for the necessary hearing.

This practice trivializes the applicant's initial hearing, and strongly supports adoption of the rule described above. The government's practice, as represented to this court, is to force the applicant to incur the expenses involved in bringing the matter before this court in order to trigger review of their claim by a government attorney. Of course, the government is free to allocate its resources, including the time and effort of its attorneys, without interference from this court. But the government's practice of delaying review by an attorney of a social security applicant's request to present further evidence until after a federal lawsuit has been filed is an issue before this court, and must be considered in connection with the award of attorney fees.

The shifting of attorney fees to the losing party in civil cases has a real effect on the amount and quality of litigation. Two-way fee shifting tends to increase the amount of meritorious litigation and decrease the amount of frivolous litigation by transferring the expected cost of bringing and maintaining a lawsuit from the party with a meritorious position and to the party unlikely prevail on the merits. In this way, fee shifting encourages the use of alternative, less costly means of dispute resolution, such as arbitration or private settlement. Richard A. Posner, *Economic Analysis of Law* 539 (3d ed. 1986). For this reason, most private contracts contain fee shifting provisions. The President's recent directive on civil litigation by the government also encourages the adoption of fee shifting where appropriate, as a means of discouraging unwarranted litigation. Executive Order 12778 § 1(h).[2] One-way fee shifting has a somewhat different effect, encouraging the maintenance of lawsuits by the beneficiaries of the fee shifting and at the same time both discouraging litigation and encouraging resolution of cases by the party who can only expect to pay fees, but not recover them. This effect motivates fee shifting provisions of

---

2. In Executive Order 12778, the President recently decried the harmful consequences of the growth in civil litigation, and ordered federal agencies to take steps to reduce recourse to the federal courts for the resolution of disputes. While Executive Order 12778 is not binding on the parties here, and in fact creates no private rights for the courts to enforce in any event, the shifting of plaintiff's attorney's fees to the government through the EAJA provides further incentive for the Secretary to curtail unnecessary civil litigation.

the civil rights laws and other "private attorneys general" statutes. The EAJA is this type of fee shifting statute. Of course, under the "American Rule," a court may not order fee shifting of any kind in the absence of statutory or other authorization. *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

The EAJA and § 405(g) provide plenty of latitude to the government in taking action on claims such as those made by Spurlock. The Secretary could have decided to hear further evidence before the matter ever came to this court, thereby risking no payment of Spurlock's attorney fees. Even if no government attorney had reviewed Spurlock's claim until after this civil suit was filed, had the government agreed to a sentence six remand prior to filing an answer to Spurlock's complaint the question of attorney fees would have been governed by the *Hudson* and *Swenson* cases, and Spurlock would have received attorney fees under the EAJA only if he prevailed in obtaining SSI benefits from the Secretary. But the government let the matter proceed, and even answered the complaint with a denial that further evidence was required, before ever meaningfully considering whether the denial of Spurlock's request for the taking of additional evidence was meritorious. After this delay, the court was constrained by *Melkonyan* to remand the matter only in accord with sentence four.

It is therefore disingenuous for the government to claim at this late date that an award of attorney fees is inappropriate when a plaintiff obtains a sentence four remand from this court. The government, not Spurlock, controlled the timing as to when Spurlock would be afforded the opportunity to present the vocational evidence which should have been heard in the first instance. The government, not Spurlock, declined to consider the merits of Spurlock's request for a further evidentiary hearing until after this court had put on its calendar a hearing to determine Spurlock's motion for summary adjudication of his civil claim. The government, not Spurlock, determined that no government attorney should review Spurlock's request until after an answer had been filed by the government in this matter. An award of EAJA attorney fees might not change the government's practice, but it will lay the costs of fostering civil litigation upon the party responsible, in this case—the government.

The government's proposed rule for processing EAJA applications in the case of a sentence four remand would permit the government to push onto SSI applicants the costs of the government's actions. The government suggested that a plaintiff who wins a sentence four remand could submit a timely application for attorney fees within thirty days of the remand, which the district court would hold in abeyance until after a final determination of the applicant's claim below. Under the government's scheme, only if the applicant prevailed in obtaining benefits could the applicant return to this court to claim attorney fees, as in the case of a sentence six remand. However, the EAJA requirement that a plaintiff must file a petition for attorney fees within thirty days of receiving final judgment presupposes that all information necessary to grant the petition exists at that time. The government's proposal would, of course, muck up the federal courts with unresolved matters and unnecessary proceedings. This is reason enough to reject it. More importantly, the government's rule would defeat the financial incentive placed upon the government by the EAJA to avoid unnecessary litigation.

The EAJA fee provisions are carefully qualified to apply only when the position of the government is not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). This qualification means that the Secretary can reasonably deny SSI benefits without fear that a district court will award attorney fees merely because the court reaches a different result. It is only when the agency acts without substantial justification that the plaintiff is compensated for the legal expenses incurred in obtaining proper agency consideration of a claim.

For these reasons, this court cannot agree with the court in *Fergason v. Sulli-*

*van,* 771 F.Supp. 1008 (W.D.Mo.1991). In that case, the court considered the issues discussed here, but resisted the need to modify the definition of "prevailing party" to conform with *Melkonyan.* Instead, the court expressed concern that the definition of "prevailing party" which required an applicant to receive the benefits claimed before receiving attorney fees would time bar all applicants who won sentence four remands from the district court, and invited the Supreme Court to revisit the issue to "harmonize" these requirements. 771 F.Supp. at 1018. With all due respect, this court suggests that where a statutory interpretation previously relied upon by lower courts conflicts with new Supreme Court teaching, it is the lower courts which must adapt. Here, the Supreme Court limited application of its own interpretation of "prevailing party," as described in the *Hudson* case, to situations in which plaintiff wins a sentence six remand. The only rule in a case involving a sentence four remand which is in harmony with both *Melkonyan* and the thirty day filing requirement of the EAJA is the one adopted above: an applicant is a "prevailing party" when the applicant obtains a sentence four remand to the Secretary, without regard to whether the applicant later succeeds in obtaining the requested benefits.

Judge Conti's recent opinion in *Prasad v. Sullivan,* No. C–90–1435–SC (N.D.Cal. Sept. 20, 1991) is not to the contrary. In *Prasad,* the court entered a sentence four-like remand order without entering final judgment, and later denied EAJA fees on the grounds that plaintiff was not a prevailing party. Judge Conti noted that the "confusion" generated by the Ninth Circuit rule that a party who wins merely a remand is not a prevailing party would be clarified in future cases by *Melkonyan's* requirement that all sentence four remands be accompanied by a final judgment. Judge Conti's holding in *Prasad* does not

require that a plaintiff in Spurlock's position, who wins a final judgment and a sentence four remand pursuant to *Melkonyan,* be denied "prevailing party" status.

█ The court has already found, in signing the now-vacated August 29 order, that the government's position prior to its stipulating to a remand was not substantially justified. This matter should never have reached the stage where reference to the district court was necessary. Pursuant to the EAJA, when the period for appeal has run on this order entering judgment of a sentence four remand, and for thirty days thereafter, the court will entertain from plaintiff an application for EAJA attorney fees and for all of the expenses incurred in obtaining this sentence four remand.[3]

IT IS SO ORDERED.

---

3. In *INS v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 2322, 110 L.Ed.2d 134 (1990), the Court held that an award of attorney fees under the EAJA encompasses not only the fees incurred in the litigation on the merits, but also the fees incurred by the prevailing party in protecting the EAJA fee award in subsequent litigation by the government over the propriety or amount of the EAJA fee award, even if the position taken by the government in the fee litigation is substantially justified.