**James L. AFANADOR, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

No. C 90–20346 JW.

United States District Court, N.D. California, San Jose Division.

July 13, 1992.

**62**

Danette Sakoda, Legal Aid Soc. of Santa Clara County, San Jose, CA, for plaintiff.

Gail Killefer, Asst. U.S. Atty., San Francisco, CA, for defendant.

## CORRECTED ORDER GRANTING PLAINTIFF'S MOTION FOR REASONABLE ATTORNEY'S FEES

WARE, District Judge.

Plaintiff seeks an award of reasonable attorney fees, pursuant to The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). The underlying case involved Plaintiff's request for judicial review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of Defendant Secretary's final decision denying Plaintiff disability insurance and SSI benefits under Titles II and XVI of the Social Security Act.

## I. BACKGROUND

Plaintiff filed for disability benefits, disability insurance benefits, and supplemental security income in September, 1985, alleging disability due to complications from a stroke, and neck and back problems. An Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. Plaintiff requested a review of the ALJ's decision, and on April 9, 1990, the Appeals Council upheld the ALJ's ruling. Plaintiff then sought review by this Court of the ALJ's ruling.

On August 6, 1991, this Court denied Plaintiff's motion for summary judgment, and granted Defendant Secretary's cross motion for summary judgment. On September 29, 1991, Plaintiff filed a motion pursuant to Fed.R.Civ.P. 60(b) to vacate the Court's order and judgment in light of *Bunnell v. Sullivan,* 947 F.2d 341 (9th Cir.1991) (en banc), which reaffirmed the standard articulated in *Cotton v. Bowen,* 799 F.2d 1403 (9th Cir.1986), requiring that before rejecting a claimant's pain testimony an ALJ must make sufficient findings to allow a reviewing district court to determine the ALJ's reasons for doing so. On May 27, 1992, this Court reversed the decision of the ALJ and remanded the case for further proceedings.

The Court's jurisdiction to review the ALJ's decision is derived from 42 U.S.C. § 405(g). The fourth sentence of § 405(g) states: "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Such an action by a district court is referred to as a "sentence four remand." The sixth sentence of § 405(g) specifies the second type of action which a district court may take when reviewing the Secretary's decisions. A recent Supreme Court opinion characterized sentence six remands as follows:

The sixth sentence of § 405(g) ... 'describes an entirely different kind of remand.' [citation omitted] The District Court does not affirm, modify or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the Court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding. [citation omitted] The statute provides that following a sentence six remand, the Secretary must return to the District Court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.' 42 U.S.C. § 405(g).

*Melkonyan v. Sullivan,* — U.S. —, —, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991).

This Court's order of May 27, 1992, reversed the Secretary's decision and ordered a remand. Accordingly, the Court's order was within the definition of a sentence four remand.

## II. DISCUSSION

By the instant motion, Plaintiff seeks an award of attorney fees under the EAJA, 28 U.S.C. § 2412. The EAJA states in part:

(d)(1)(A) Except as otherwise specifically provided by a statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought.... The party shall also allege that the position of the United States was not substantially justified.

*Id.* at 2412. Accordingly, the Court must make the following findings in order to grant Plaintiff's motion: (1) that Plaintiff was a prevailing party in his civil action; (2) that the position of the United States was not substantially justified; (3) that the motion for attorney fees was timely filed; and (4) that the amount requested is reasonable.[1]

### 1. *Plaintiff Was a Prevailing Party in His Civil Action Against the United States*

The EAJA provides for an award of attorney fees to prevailing parties. The definition of "prevailing party" has changed significantly in light of the Supreme Court's decision in *Melkonyan.* Prior to *Melkonyan,* the Ninth Circuit had established that "securing a remand on an appeal of an administrative disability decision is insufficient to qualify a claimant as a prevailing party under the EAJA." *Swenson v. Heckler,* 801 F.2d 1079, 1080 (9th Cir.1986). In addition, prior to deciding *Melkonyan,* the Supreme Court had held in *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), as fol-

---

**1.** The Act defines "fees and other expenses" as follows:

    the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.);

28 U.S.C. § 2412(d)(2)(A).

lows: "[W]here a court's remand to the agency for further administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain 'prevailing party' status within the meaning of § 2412(d)(1)(A) until after the result of the administrative proceedings is known." *Id.* at 886, 109 S.Ct. at 2254–55.

"The Court's holding in *Melkonyan* suggests that a different rule must apply when a district court orders a sentence four remand." *Spurlock v. Sullivan*, 783 F.Supp. 474, 479 (N.D.Cal.1992). In *Spurlock*, the court explained that in the case of a sentence six remand, the remand itself does not constitute a final judgment because the Secretary must return to the district court, upon completion of post-remand proceedings, for entry of final judgment. *Id.* at 479. "But where, as here, a plaintiff succeeds in obtaining a sentence four remand, the district court enters judgment only on the matter of remand. There will not be a judgment by the district court following the Secretary's determination on the merits, and there is no opportunity for the district court to retain jurisdiction...." *Spurlock* at 479.

The *Spurlock* court, having established that sentence four remands terminate the civil action before a district court, thereby terminating jurisdiction over the matter, concluded as follows:

> This leads to the obvious conclusion that where a plaintiff succeeds in obtaining a sentence four remand, the plaintiff must be considered eligible for EAJA attorney fees as a 'prevailing party' even though there is not yet a final determination on the merits of the plaintiff's SSI application. This rule advances the purpose implicit in the EAJA fee provisions....
> This Congressional purpose is frustrated if parties who prevail on a sentence four remand are unable to obtain EAJA fees because no final administrative determination is reached before the thirty day filing period expires.

*Id.* at 479–480.

In *Melkonyan*, the Supreme Court addressed the question of when a "final judgment" is entered, given a sentence four remand by a district court. The Court held:

> We conclude that ... Congress' use of 'judgment' in 28 U.S.C. § 2412 refers to judgments entered *by a court of law*, and does not encompass decisions rendered by an administrative agency. Accordingly, we hold that a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received.

*Melkonyan*, —— U.S. at ——, 111 S.Ct. at 2162 (emphasis in original).

■ This Court finds, in light of the above, that Plaintiff is a prevailing party for purposes of the EAJA. Upon Plaintiff's request for review by this Court of Defendant Secretary's decision, this Court reversed the Secretary's decision and remanded the case. The Court's sentence four remand order resulted in Plaintiff attaining the status of "prevailing party," as defined by the EAJA and as clarified by the judicial opinions outlined above.

### 2. *The Position of the United States Was Not Substantially Justified*

In *Pierce v. Underwood*, 487 U.S. 552, 564, 108 S.Ct. 2541, 2549, 101 L.Ed.2d 490 (1988), the Supreme Court held that the term "substantially justified," for the purpose of district court review of motions for attorney fees pursuant to EAJA, should be interpreted as follows:

> We are of the view, therefore, that as between the two commonly used connotations of the word 'substantially,' the one most naturally conveyed by the phrase before us here [in the EAJA] is not 'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person.

*Id.* at 565, 108 S.Ct. at 2550.

The Ninth Circuit has also defined a standard for review by district courts when considering EAJA attorney fee motions. In *Cardwell v. Kurtz*, 765 F.2d 776 (9th Cir.1985), the Court held:

> The government's position is 'substantially justified' within the meaning of the

EAJA if it 'has a reasonable basis both in law and fact.' *Timms v. United States,* 742 F.2d 489, 492 (9th Cir.1984). We consider both 'the underlying agency action and the legal position of the United States during litigation' in analyzing the substantial justification issue. *Id.* .... The government bears the burden of proving its position was substantially justified. *Id.* at 492.

*Cardwell* at 781. A more recent Ninth Circuit holding states: "In making a determination of substantial justification, the court must consider the reasonableness of both 'the underlying government action at issue' and the position asserted by the government 'in defending the validity of the action in court.' [citations omitted]" *Bay Area Peace Navy v. U.S.,* 914 F.2d 1224, 1227 (9th Cir.1990).

The Court notes that Defendant Secretary fails to address the question of substantial justification. Defendant states only that because this Court granted Defendant's motion for summary judgment on August 6, 1991, then the Secretary's position with respect to affirming the ALJ's ruling was substantially justified. Def.['s] Opp'n to Pl.['s] Mot. for EAJA Att'y Fees at 3.

This argument fails to recognize this Court's subsequent order of May 27, 1992, wherein the Court vacated the August 6, 1991 order and remanded the case for further proceedings. In particular, the Court stated clearly that the basis for the order to vacate and remand was the ALJ's need to bring the administrative proceedings into conformity with a recent decision by the Ninth Circuit. The Court's order stated:

> The Secretary contends that the ALJ made the requisite specific findings discrediting Plaintiff's 'subjective' complaints of pain. The record indicates otherwise. The ALJ's findings do not provide any reason for discrediting Plaintiff's pain testimony.... The record indicates that Plaintiff's testimony may have been arbitrarily discredited. When the ALJ has not adequately explained his or her evaluation and made the requisite

specific findings, as in this case, the Court has discretion to remand for further proceedings. [citation omitted]
*Afanador v. Sullivan,* No. C–90–20346–JW, slip op. at 3 (N.D.Cal. May 27, 1992).

■ The legal standard applied by the ALJ was improper, as was subsequently determined by the Ninth Circuit's decision in *Bunnell v. Sullivan,* 947 F.2d 341 (9th Cir.1991) (en banc). The Defendant Secretary's affirmation of the ALJ's ruling, and the Secretary's argument to the Court on review, were necessarily premised on an improper legal standard as well. Because "both 'the underlying agency action and the legal position of the United States during litigation' " were thus tainted by an improper legal basis, the Court finds that the Defendant Secretary's position was not substantially justified. *Cardwell* at 781.

### 3. *Plaintiff's Application for Fees is Timely*

As noted above, the EAJA requires that an application for attorney fees be filed "within thirty days of final judgment in the action...." 28 U.S.C. § 2412. "The requirement that the fee application be filed within 30 days of 'final judgment in the action' plainly refers back to the 'civil action ... in any court' in (d)(1)(A). The plain language makes clear that a 'final judgment' under § 2412 can only be the judgment of a court of law." *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2161.

The Court's remand order was issued on May 27, 1992. Plaintiff filed the instant motion for attorney fees on June 10, 1992. Accordingly, the motion was filed within 30 days of a final judgment, and the motion is timely.

### 4. *The Amount of Fees Requested is Reasonable*

The EAJA defines "reasonable" fees at § 2412(d)(2)(A), cited in a footnote above. Plaintiff's motion seeks a cost of living adjustment, as permitted by the EAJA. "[Applicants for fees] are entitled to an adjustment of the $75 cap to reflect inflation between October 1981 and the present as measured by the Consumer Price Index

for All Urban Consumers (CPI–U)." *Animal Lovers Volunteer Ass'n, Inc. v. Carlucci,* 867 F.2d 1224, 1227 (9th Cir.1989). The Ninth Circuit's formula used to calculate the adjustment for cost of living increases is found in *Ramon–Sepulveda v. I.N.S.,* 863 F.2d 1458, 1463, n. 4 (9th Cir. 1988).

Applying the *Ramon–Sepulveda* formula, the Court finds that Plaintiff is entitled to an hourly rate of $107.83 for the 22.3 hours of work performed by Plaintiff's attorney.[2] The Court also finds that Plaintiff is entitled to an hourly rate of $50 for the 9.5 hours of work performed by Plaintiff's law clerk. In total, the Court finds Plaintiff is entitled to $2,879.61 in attorney fees.

### III. CONCLUSION

The Court finds that Plaintiff is a prevailing party under the EAJA; that the position of the United States was not substantially justified; that Plaintiff's application for fees was timely filed; and that the amount of fees requested is reasonable. Accordingly, Plaintiff's motion for attorney fees, pursuant to 28 U.S.C. § 2412(d) is GRANTED.

IT IS SO ORDERED.

---

**2.** The *Ramon–Sepulveda* formula is as follows: $[x/\$75] = [\text{CPI–U}_b/\text{CPI–U}_a]$, where $x$ = rate to charged as a fee, where $a$ = the date the $75 cap was fixed by Congress, and where $b$ = the date of the most recent CPI–U figure available.

The CPI–U in October, 1981 was 97.1. The CPI–U in April, 1992 (the most recent statistic available) was 139.6.