**Michael VAN TASSEL, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 91–K–1177.**

United States District Court,
D. Colorado.

April 24, 1992.

Richard A. Brown, Grand Junction, Colo., for plaintiff.

J. Greg Whitehair, Asst. U.S. Atty., Englewood, Colo., for defendant.

## ORDER GRANTING RULE 59(E) MOTION

KANE, Senior District Judge.

On February 3, 1992, I entered judgment in favor of the Plaintiff, reversing and remanding this case to the Secretary for further proceedings to include a full vocational assessment of the Plaintiff.

On February 25, 1992, counsel for the Plaintiff filed a petition for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). The Secretary responded to the petition on March 11, 1992. Although conceding that my February 3 judgment was a "sentence four" remand under 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 2165, 115 L.Ed.2d 78 (1991), the Secretary argued that the petition was premature because the Plaintiff had not yet attained "prevailing party" status under the Act. The Secretary requested me to hold the petition for attorney fees in abeyance until the proceedings on remand were complete and it could be determined whether the Plaintiff was a "prevailing party." On March 12, 1992, I granted the Secretary's motion.

On March 23, 1992, the court erroneously entered an order granting the Plaintiff's petition and awarding him attorney fees under the Act. The Secretary then filed the instant motion for reconsideration, citing my earlier order that consideration of the Plaintiff's petition would be deferred. The Plaintiff opposes the Secretary's motion for reconsideration, contending that the award of fees was proper because he attained "prevailing party" status upon the entry of the court's February 3 judgment.

The Tenth Circuit and several other courts hold that, notwithstanding the Supreme Court's holding in *Melkonyan* that remand orders under "sentence four" of 42

U.S.C. § 405(g) are final orders for the purposes of filing a petition for fees under the Equal Access to Justice Act, there is a "subcategory of cases in which the district court makes a fourth sentence remand but intends to retain jurisdiction over the action pending further administrative proceedings and enter a final judgment after those proceedings are completed." *Gutierrez v. Sullivan*, 953 F.2d 579, 584 (10th Cir.1992). In such cases, an application for fees under the Act is not proper until the proceedings on remand are complete. *Id.; see also Welter v. Sullivan*, 941 F.2d 674, 675 (8th Cir.1991).

Although not explicitly set forth as a basis for the court's ruling in *Gutierrez*, other courts have recognized the tension created by the *Melkonyan* view that "sentence four" remands are final orders which, upon entry, entitle the plaintiff to file a petition for attorney fees, yet in some cases the plaintiff may not properly be considered a "prevailing party" until he is awarded benefits in the proceedings on remand. *See, e.g., Welter*, 941 F.2d at 675 (view that petition for fees filed after completion of "fourth sentence" remand proceedings was not untimely "supported by the fact that the claimants did not become prevailing parties eligible for attorney's fees until the Secretary reevaluated their cases and awarded them benefits"); *Parsons v. Sullivan*, 140 F.R.D. 352, 358 (S.D.Ohio 1992) (expressing "grave doubts" about strict application of *Melkonyan* to "fourth sentence" remands which would "require a social security claimant to file an EAJA petition at a time when he cannot, in good faith, assert that he is the prevailing party in the litigation"). I agree with their view.

Accordingly, the court's March 23 order granting the Plaintiff's petition for attorney fees is WITHDRAWN. The Plaintiff's petition for attorney fees is DENIED as premature, without prejudice to the Plaintiff file a renewed request for fees if he prevails in the proceedings on remand.