Charles **BODNER**, Plaintiff,

v.

**Louis W. SULLIVAN, Defendant.**

**No. C–90–0880 RFP.**

United States District Court,
N.D. California.

Aug. 27, 1992.

Nancy Klein, San Francisco Neighborhood Legal Assistance Foundation, San Francisco, Cal., for plaintiff.

G. Christopher Stoll, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER

PECKHAM, District Judge.

### INTRODUCTION

Plaintiff applies for an award of attorney's fees against the Secretary of Health and Human Services ("Secretary") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).

In March, 1990, plaintiff filed his complaint pursuant to 42 U.S.C. § 405(g) for judicial review of the Secretary's decision that he did not become disabled until January 1989. In June, defendant answered the complaint, and in August the parties and this Court signed a Stipulation and Order of Remand, the effect of which was a remand of the case to the Secretary for expert medical opinion and expert vocational testimony if needed. The Secretary agreed in the stipulation that the hearing would be expedited. On remand, the administrative law judge issued his decision in November

1991, again finding that plaintiff did not become disabled until January 1989. Plaintiff filed exceptions to that decision, and on January 15, 1992, the Appeals Council issued its decision that plaintiff had been disabled since 1987, as plaintiff had originally alleged. This Court entered judgment in plaintiff's favor on February 26, 1992.

Plaintiff submitted his request for attorney's fees on February 28, 1992. Defendant opposes his request on several grounds. First, he asserts that the application is untimely. Second, he claims that the stipulation to remand constituted a voluntary dismissal under Fed.R.Civ.Proc. 41(a), and, as such, plaintiff can not claim "prevailing party" status as required to be eligible to apply for EAJA fees, thus, no fees should be awarded. Defendant further asserts that even if plaintiff has timely filed and is a "prevailing party" under the EAJA statute, the position of the government was substantially justified, thereby establishing under the EAJA statute that no fees should be awarded. Finally, defendant claims that even if the government's position is found not to be substantially justified, plaintiff's EAJA petition should be dismissed or reduced because he has unreasonably protracted litigation.

## BACKGROUND

Plaintiff filed an application for benefits on March 15, 1979, which resulted in entitlement to a Period of Disability and Benefits effective November 10, 1976 and terminating June 1978. The termination was upheld on April 21, 1980 by agency decision, a decision for which the Appeals Council declined review. Plaintiff refiled applications for benefits in March, 1982, and was denied his application for a Period of Disability and Disability Insurance Benefits, from which no reconsideration was requested. His application for Supplemental Security Income was denied initially and upon reconsideration. His request for hearing was denied for failure to appear at a scheduled hearing. Plaintiff filed subsequent applications for a Period of Disability, Disability Insurance Benefits and Supplemental Security Income on March 7,

1986, all of which were denied initially and upon reconsideration. Plaintiff requested a hearing in April 1987 regarding the Supplemental Security Income claim. The request was dismissed, as was the request for review by the Appeals Council. The Period of Disability and Disability Insurance Benefits claim was denied initially, and, after reapplication for Supplemental Security Income in October 1987, the agency consolidated the claims and then denied them. Plaintiff requested a hearing on July 20, 1988. The SSA granted the claim for Supplemental Security Income with an onset date of disability established on January 9, 1989. The other two claims were denied. The Appeals Council denied the request for review of the decision, and plaintiff filed suit in this Court, which, upon stipulation by the parties, remanded the case pursuant to 42 U.S.C. § 405(g) on August 10, 1990 to the Secretary for further proceedings. A hearing was held wherein the ALJ found again that plaintiff's disability commenced on January 19, 1989 for Supplemental Security Income. He dismissed the other claims upon application of plaintiff. The Appeals Council vacated the ALJ's decision, finding that the onset of plaintiff's disability was September 1, 1987. This Court granted plaintiff's motion for entry of final judgment on February 26, 1992. Currently before the Court is plaintiff's application for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A).

## DISCUSSION

I. *Harmonizing 42 U.S.C. § 405(g) and The Equal Access to Justice Act, 28 U.S.C. § 2412*

Plaintiff is applying for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1), which states, in relevant part:

§ 2412(d)(1)(A) [A] court shall award to a prevailing party ... fees and costs ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the

United States was substantially justified....

(B) A party seeking an award of fees ... shall within *30 days of final judgment in the action* submit to the court an application for fees ... which shows that the party is a prevailing party and is eligible to receive an award under this subsection....

28 U.S.C. § 2412(d)(1)(A), (B) (West 1991) (emphasis added). This statute requires that before the prevailing party applies for fees there must be a "final judgment" in the action; without such judgment any application for attorney's fees would be premature. The application must be made within thirty days from the time that the "final judgment" becomes a final, unappealable order, or the application will not be timely. Thus, this Court must determine when "final judgment" occurred in this case, and whether plaintiff applied for fees within the specified time after that judgment was no longer appealable.

The determination of when a judgment is final in this case requires the interpretation of 42 U.S.C. § 405(g), under which the parties in this case stipulated that the case be remanded, and pursuant to which this Court ordered the remand. The statute sets out two types of remands: (1) those termed a "sentence four" remand, in which the court enters a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the case for a rehearing, and (2) those termed a "sentence six" remand in which the court, on the Secretary's motion and showing of good cause, remands the case to the Secretary for further action at the agency level to hear additional evidence which was previously unavailable, which may have, had it been available, influenced the Secretary's decision. In the case of a sentence six remand, the Secretary, after the proceedings are completed, returns to the court to file the additional findings, and the court enters judgment on those findings.[1]

Three recent Supreme Court cases discuss the interaction between the EAJA and 42 U.S.C. § 405(g): *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989); *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990); and *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

Essential to the discussion in each of the above cases, as well as this Court's resolution of the instant case, is the relationship between the EAJA requirement that a prevailing party have attained a "final judgment", and the significance a remand under 42 U.S.C. § 405(g) is given in terms of the EAJA requirement. It is crucial to note that in order to qualify for attorney's fees under the EAJA, a prevailing plaintiff must apply for fees within 30 days after a final judgment has been entered and is no longer appealable. Unless a final judgment has been entered, any application for attorney's fees under the EAJA would be premature, and would have to be rejected. Thus, determining that a remand under § 405(g) constitutes a "final judgment" for EAJA purposes will also determine the time period in which the plaintiff must apply for fees.

---

1. The statute, 42 U.S.C. § 405(g) is as follows:
 (g) Judicial Review
 Any individual ... may obtain a review of such decision by a civil action.... Such action shall be brought in the district court of the United States.... The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing [a "sentence four" remand].... The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision [a "sentence six" remand].... The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions....
 42 U.S.C. § 405(g) (West 1991).

A. Sullivan v. Hudson: EAJA Fees May Be Awarded for Services Rendered on Remand Where The Remanding Court Retains Jurisdiction

In *Sullivan v. Hudson,* the Supreme Court addressed the issue whether a social security claimant is entitled to attorney's fees under the EAJA for representation provided after remand at the administrative proceedings. *Hudson,* 490 U.S. at 879, 109 S.Ct. at 2251. The Court determined that "where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often included detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed." *Id.* at 885, 109 S.Ct. at 2254.

Furthermore, the Court recognized that "in many remand situations, the court will retain jurisdiction over the action pending the Secretary's decision and its filing with the court." *Id.* at 886, 109 S.Ct. at 2254. The district court, in that instance, retains the power "to assure that its prior mandate is effectuated." *Id.*

█ Significantly, the Court also recognized that such a remand would not confer "prevailing party" status on the plaintiff, as such a remand does not determine whether or not the claimant will actually obtain benefits. *Id.* Thus, any application for fees under the EAJA at the time of the remand in this type of situation would be premature, as the requirement that an applicant for such fees be the "prevailing party" would not be met.

Given the above factors as well as the policy behind the EAJA " 'to diminish the deterrent effect of seeking review of or defending against, governmental action' " *id.* at 890, 109 S.Ct. at 2257 (citing 94 Stat. 2325), the Court concluded that "where a court orders a remand to the Secretary in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits, the proceedings on remand are an integral part of the 'civil action' for judicial review,

and thus attorney's fees for representation on remand are available...." *Id.*

While the Court in *Hudson* did not state under which sentence of § 405(g) the District Court remanded the case, it is clear that the remand in *Hudson* did not meet the "new evidence" and "good cause" standards of sentence six, as the Court of Appeals remanded the case to the Secretary, citing her violation of her own regulations in coming to the disability determination. *Id.* at 880–881, 109 S.Ct. at 2252. Thus, as will be discussed later, by process of elimination the remand in *Hudson* must have been a sentence four remand, even though the Court retained jurisdiction over the case after the remand.

B. Sullivan v. Finkelstein: A "Final Judgment" For EAJA Purposes is Different From a "Final Decision" Under 28 U.S.C. § 1291

In *Sullivan v. Finkelstein,* the Supreme Court addressed the issue of whether the Secretary may immediately appeal a district court order which had the effect of invalidating certain agency regulations and requiring the Secretary, on remand, to reconsider his decision in light of the Court's action. *Finkelstein,* 496 U.S. at 619, 110 S.Ct. at 2660. The Court held that the Secretary could appeal such an order as a "final decision." *Id.*

However, the Court was careful to distinguish between the meaning of "final decision" for purposes of determining whether a remand order could be appealed under 28 U.S.C. § 1291, and "final judgment" for the purposes of the EAJA. *Id.* at 630–631, 110 S.Ct. at 2666. The Court stressed that in *Hudson,* it "concluded that for purposes of the EAJA, the administrative proceedings on remand should be considered part and parcel of the action for which fees may be awarded," but for the purposes of appeal, "proceedings on remand to an agency are [not] 'part and parcel' of a civil action...." *Finkelstein,* at 630–631, 110 S.Ct. at 2666. The Court noted that the purpose of the EAJA "was to counterbalance the financial disincentives to vindicating rights against the Government through

litigation; given this purpose, we could not believe that Congress would 'throw the Social Security claimant a lifeline that it knew was a foot short' by denying her attorney's fees for the mandatory proceedings on remand." *Id.* at 630, 110 S.Ct. at 2666 (citations omitted).

Thus, although the Court ruled that the sentence four remand in *Finkelstein* was final *for the purposes of appeal* upon remand, its reasoning was based on the fact the Court's remand had the effect of invalidating an agency regulation, and that the Court doubted that the Secretary would be able to appeal his own order granting benefits pursuant to the District Court's mandated inquiry on remand. *Finkelstein*, at 625, 110 S.Ct. at 2664 ("[S]hould the Secretary on remand undertake the inquiry mandated by the District Court and award benefits, there would be grave doubt ... whether he could appeal his own order."). While ruling that for purposes of appeal, a sentence four remand was a "final judgment", the Court recognized in *Finkelstein* that for EAJA purposes, the proceedings following a remand are part of the civil action, and thus, under *Hudson*, a plaintiff may apply for attorney's fees under the EAJA for representation at the agency level.

C. Melkonyan v. Sullivan: A Final Judgment for EAJA Purposes is An Action By A Court Which Terminates the Civil Action

■ Finally, in the Supreme Court's latest decision on these issues, *Melkonyan v. Sullivan*, — U.S. —, —, 111 S.Ct. 2157, 2159, 115 L.Ed.2d 78, 87 (1991), the Court examined "whether an administrative decision rendered following a remand from the District Court is a 'final judgment' within the meaning of EAJA." The Court held that a final judgment is an action by a court, not by an agency, which terminates the civil action for which EAJA fees may be received. *Id.* at —, 111 S.Ct. at 2162, 115 L.Ed.2d at 91. Therefore, for EAJA purposes, in order to apply for fees pursuant to 28 U.S.C. § 2412(d)(1), a prevailing plaintiff must have a final judgment issued by a court, not an agency.

*Melkonyan* is applied retroactively pursuant to the Supreme Court's decision in *James B. Beam Distilling Co. v. Georgia*, — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991).

### 1. The Facts of Melkonyan

In *Melkonyan*, plaintiff appealed the denial of benefits to the District Court, and at defendant's motion and plaintiff's request, the court remanded the case, entering a "judgment" which read as follows:

Defendant's motion to remand, concurred in by plaintiff, is granted. The matter is remanded to the Secretary *for all further proceedings.*

*Melkonyan*, — U.S. at —, 111 S.Ct. at 2160, 115 L.Ed.2d at 88 (emphasis added). Upon remand, petitioner was granted all the relief which he had initially sought. Neither plaintiff nor defendant returned to the District Court for entry of a final judgment. More than a year later, petitioner applied to the Court for attorney's fees under EAJA. *Id.* The District Court, following the recommendation of the Magistrate, denied petitioner's application, concluding that the Secretary's position was "substantially justified." *Id.*

The Court of Appeals for the Ninth Circuit vacated the judgement. Although it agreed with the determination that no fees should be granted, it stated a different reason. Noting that under the EAJA, application for fees must be submitted to the court within 30 days of a final judgment, the Ninth Circuit concluded that the decision by the Appeals Council was the "final judgement" for EAJA purposes, and for that reason, petitioner's application was untimely.

The Supreme Court vacated the Ninth Circuit's decision, stating that the EAJA requires that a "final judgment" be entered by a court, not an agency, and thus no "final judgement" had been entered by a court in this case. The court then addressed the question of whether either party was entitled to return to the District Court to request that such a judgment be entered, premising its answer to that query

on what type of remand was contemplated by the District Court.

### 2. The Court Concluded That Only Two Types of Remands Are Possible Under 405(g)

■ The remand in *Melkonyan*, as well as the remand in this case, was made pursuant to 42 U.S.C. § 405(g). The Court in *Melkonyan* identified two kinds of remands under the statute, and explicitly limited remands pursuant to § 405(g) to either: (1) those pursuant to sentence four of the statute; and, (2) those pursuant to sentence six. *Id.*, at ——, 111 S.Ct. at 2164, 115 L.Ed.2d at 93. The fourth sentence of the statute authorizes a court the enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The "final judgment" in a "fourth sentence" remand is the remand order "affirming, modifying, or reversing" the decision of the Secretary. *Melkonyan*, at ——, 111 S.Ct. at 2165, 115 L.Ed.2d at 94. Thus, under a "fourth sentence" remand, the application for EAJA fees must be filed within 30 days after the remand order is no longer appealable. *See* 28 U.S.C. § 2412(d)(1)(B).

■ A sixth sentence remand, on the other hand, does not rule on the substantive aspects of the decision, rather, the court remands pursuant to sentence six when new evidence, not previously before the Secretary, is available, and that evidence, had it been available, may have changed the outcome of the proceeding. *Melkonyan*, at ——, 111 S.Ct. at 2164, 115 L.Ed.2d at 93. Pursuant to the statute, "good cause" for the failure to present the evidence at the prior proceedings must be shown under a sentence six remand. *Id.* The "final judgment" in a "sixth sentence" remand does not occur until the Secretary returns to the district court with his new findings of fact. If the plaintiff is the

"prevailing party", he may file an application for EAJA fees 30 days after the judgment entered by the Court on the Secretary's new findings is no longer appealable. *Melkonyan*, at ——, 111 S.Ct. at 2165, 115 L.Ed.2d at 94.

The *Melkonyan* Court determined that since the District Court did not make any substantive ruling on the case, but merely sent it back for "all further proceedings" to the Secretary, it was not a sentence four remand. It concluded that it was unclear whether the District Court's remand was a sentence six remand or a voluntary dismissal under Fed.Rule Civ.Proc. 41(a), given that the District Court remanded it for "all further proceedings" to the Secretary, and the parties agreed. The Supreme Court therefore remanded the case to the District Court to clarify its order as to what it had "intended" by its remand. *Melkonyan*, at ——, 111 S.Ct. at 2165, 115 L.Ed.2d at 94.

### D. Harmonizing Melkonyan and Hudson

■ Many courts have recognized the tension between the ruling in *Melkonyan* that sentence four remands are final judgments, upon which the plaintiff is able to apply for attorney's fees, and the requirement under the EAJA that plaintiff be a "prevailing party" to apply for such fees.[2] This tension exists in a *Hudson*-type remand in which the remanding court intends to retain jurisdiction, and an award of benefits upon reconsideration by the Secretary is not certain. The plaintiff in such a case is not yet a "prevailing party" for EAJA purposes.

Indeed, although maintaining that only two types of remand exist under § 405(g), the Supreme Court in *Melkonyan* reaffirmed its reasoning in *Hudson*, stating that *Hudson* "stands for the proposition that in those cases where the district court retains

**2.** It is well settled that in order to be a "prevailing party" in a Social Security case, a remand for additional administrative proceedings is not enough. *Swenson v. Heckler*, 801 F.2d 1079, 1080 (9th Cir.1986); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir.1990); *Brouwers v. Bowen*,

823 F.2d 273, 275 (8th Cir.1987). See also *Hudson* ("[I]n order to be considered a prevailing party, a plaintiff must achieve some of the benefit sought in bringing the action.") *Melkonyan* did not purport to change the definition of "prevailing party" for Social Security litigation.

jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level." *Melkonyan* at ——, 111 S.Ct. at 2162, 115 L.Ed.2d at 91. Furthermore, although the Court did not explicitly state under which sentence the case in *Hudson* was remanded it was most likely not a sentence six remand, and thus the *Hudson* remand, by the process of elimination, must have been a sentence four remand. *See Melkonyan* at ——, 111 S.Ct. at 2164, 115 L.Ed.2d at 93. Thus, the Supreme Court, by indicating it did not intend to overturn *Hudson* seemed to recognize that in certain sentence four remands, the district court may retain jurisdiction to enter a "final judgment" after administrative proceedings have been completed.

Given that the Supreme Court explicitly stated that its decision in *Hudson* "was not to the contrary" of its holding in *Melkonyan*, —— U.S. at ——, 111 S.Ct. at 2162, 115 L.Ed.2d at 91, lower courts have struggled to apply *Melkonyan*, which states that sentence four remands under § 405(g) are final upon the order of remand, to *Hudson*-type situations, in which the District Court retains jurisdiction, and in which there is not yet a prevailing party, making the judgment final only after the administrative proceedings are terminated.

Lower courts have taken several approaches to this problem. Many courts have reasoned that since, at the time of the sentence four remand, the court intended to retain jurisdiction, notwithstanding the Supreme Court's decision in *Melkonyan*, a "final judgment" for EAJA purposes had not yet been entered. In taking this position, the courts often cited the dilemma faced by the non-prevailing plaintiff at the time of remand. *See e.g. Van Tassel v. Sullivan*, 789 F.Supp. 1108, 1109 (D.Colo. 1992); *Linkins v. Sullivan*, 779 F.Supp. 1324, 1326 (M.D.Fla.1991); *Boronat v. Sullivan*, 788 F.Supp. 557, 561 (S.D.Fla.1992).

Another court felt obligated to apply *Melkonyan* literally, although it noted the "procedural impossibility" *Melkonyan*

presented, and invited the Supreme Court to revisit its decision. *See Fergason v. Sullivan*, 771 F.Supp. 1008, 1012–1013 (W.D.Mo.1991). One court denied that any "procedural impossibility" existed, stating that *Melkonyan* had changed the definition of "prevailing party". *Audette v. Secretary of Health and Human Services*, 776 F.Supp. 84, 91 (D.R.I.1991) The Court asserted that the reconsideration of the case on remand itself was sufficient benefit to the plaintiff to say that he had attained "prevailing party" status. *Id.*

In *Spurlock v. Sullivan*, 783 F.Supp. 474, 477 (N.D.Cal.1992), the Court, finding that its earlier stipulated order of remand had not complied with *Melkonyan*, vacated that order, as well as the order awarding attorney's fees. The court then remanded the case again, pursuant to the requirements of *Melkonyan* for sentence four remands, and invited the plaintiff to re-apply for attorney's fees after the period for appeal for the new order of remand had run. *Spurlock*, at 482.

Thus, courts have taken many approaches to dealing with the tension which exists when attempting to apply the *Melkonyan* rule to the *Hudson*-type of case. Crucial, of course to the resolution of such cases, is determining under which sentence the remand occurred. Given that the requirements under sentence six are somewhat stringent, most courts have concluded that the remands they are considering occurred under sentence four.

### 1. The Gutierrez Approach

The Tenth Circuit, addressing this very issue, came to the conclusion that the remand in *Hudson* was a sentence four remand. *Gutierrez v. Sullivan*, 953 F.2d 579, 584 (10th Cir.1992). It construed the Supreme Court's opinions in *Hudson* and *Melkonyan* as "recognizing a subcategory of cases in which the district court makes a fourth sentence remand but intends to retain jurisdiction over the action pending further administrative proceedings and enter a final judgment after those proceedings are completed." *Gutierrez*, at 584, *accord Welter v. Sullivan*, 941 F.2d 674,

675 (8th Cir.1991) (holding that where the district court remand concludes that the Secretary committed legal and factual errors, it is not a "final judgment" because the court retained jurisdiction and planned to enter final judgment pursuant to sentence four *after* the Secretary had reevaluated the claim); *see also Damato v. Sullivan,* 945 F.2d 982, 987 (holding that a remand which neither "affirmed, modified nor reversed" the Secretary's decision was not a sentence four remand nor a sentence six remand and does not constitute a "final judgment" pursuant to the EAJA statute); *but see Luna v. United States Dep't of Health & Human Servs.,* 948 F.2d 169, 171–172 (5th Cir.1991) (holding that even where the district court purported to retain jurisdiction when it remanded, it "ceded that jurisdiction when it remanded. That order of remand was a 'final judgment' for purposes of the EAJA and section 405(g). . . .").

In *Gutierrez,* the Court was faced with the dilemma of how to apply *Melkonyan* retroactively to a case which, like the case currently before this Court, was remanded to the Secretary for "further review" prior to the *Melkonyan* decision. *Gutierrez,* 953 F.2d at 581. The Secretary, upon review, reversed his initial decision. Plaintiff, as the prevailing party, applied for EAJA fees and entry of final judgement to the District Court. Plaintiff argued that the judgement was final when the Secretary reversed his original decision. Defendant argued that the fee application was untimely, as the date the judgement was final was the date of the remand. The District Court denied the fees application, stating that the Secretary's position was "substantially justified". Plaintiff appealed.

In the interim, the *Melkonyan* decision was issued, which essentially nullified plaintiff's original position that the final judgement for EAJA purposes was the date of the Secretary's favorable position, since the Supreme Court stated in *Melkonyan* that a final judgement may only be entered by a court, not an agency. *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2162, 115 L.Ed.2d at 91. On appeal, plaintiff argued that the remand was a sentence six

remand, in which the Court retained jurisdiction, thus making the fees application timely. The Court rejected that argument, noting that in order for the remand to have been a sentence six remand, new, previously unavailable evidence would have to have been presented. The District Court in *Gutierrez* had remanded the case for additional fact finding, not because new, previously unavailable evidence had become available. Defendant argued that the remand was a sentence four remand, making plaintiff's application for fees untimely. The Appellate Court agreed that it was a sentence four remand, but did not agree that plaintiff's fee application was not timely. Instead, it recognized a "subcategory" of cases in which the court remands under sentence four, but intends to retain jurisdiction pending further administrative proceedings to enter a final judgment after those proceedings are completed. *Gutierrez* at 584. The Court ruled that such a remand was not a "final judgment" for EAJA purposes, citing *Hudson* as the basis for its holding. *Gutierrez,* at 584.

This Court finds the reasoning of *Gutierrez* persuasive and applicable to the instant case. The remand in the instant case was similar to that of *Hudson* and *Gutierrez* in that the case was remanded for further fact finding, after which it was intended that the Court would final judgment after the completion of administrative proceedings. Indeed, this Court requested plaintiff to move for entry of final judgment, indicating that this Court intended to retain jurisdiction.

■ Defendant argues, and this Court agrees, that since there was no showing that the evidence was "new", it could not be a sentence six remand. Defendant also argues that the joint agreement to remand the case to the Secretary constituted a voluntary dismissal under Fed.Rule Civ.Proc. 41(a). This would preclude plaintiff from recovering any attorney's fees as there would be no "prevailing party" if the parties had agreed to a voluntary dismissal. Plaintiff argues that the parties never signed a stipulation for *dismissal*, they signed a stipulation for *remand*. This

Court is unpersuaded that, given the subsequent motion for entry of judgment in this case,[3] the parties intended to agree to a dismissal. Defendant's supplemental citations, *Francine Davis v. Sullivan*, No. CV–87–7587–JMI(GMK) (C.D.Cal.1992), and *Harold Perkins v. Secretary of HHS*, No. 5:91–CV–0637 (N.D.Ohio 1992) are not on point, as in each of those cases the district court did not intend to retain jurisdiction as this Court did. Thus, defendant's argument that the remand was tantamount to a voluntary dismissal must be rejected.

■ The only remaining alternative is that the remand was a sentence four remand. However, this does not necessarily dictate that the remand order was a "final judgment" *for EAJA purposes*. Plaintiff, at the time of the remand, was not the "prevailing party" and would have been ineligible for attorney's fees had he applied for them at the time of remand. In fact, plaintiffs in cases such as this would never be able to collect attorney's fees, as the administrative process at the agency level which would confer "prevailing party" status on plaintiff can take months to complete, forever closing the "window of opportunity" to apply for fees. This result certainly could not have been intended by Congress when it enacted the EAJA, the purpose of which was "to diminish the deterrent effect of seeking review of or defending against, governmental action." *Hudson*, 490 U.S. at 890, 109 S.Ct. at 2257 (citing 94 Stat. 2325).

Given that this Court intended to retain jurisdiction over the case in order to enter final judgment, following the administrative proceeding, and that plaintiff at the time of remand could not have applied for attorney's fees as he was not the "prevailing party" until this Court entered that judgement affirming the Secretary's revised position, this Court concludes that plaintiff's application for fees at the time this Court ordered judgment entered is timely for EAJA purposes.

**3.** Plaintiff's attorney attests that this Court requested she file a motion for entry of judgment. Thus, it is clear that this Court intended to

### 2. Equitable Tolling

■ Another approach taken by courts which are faced with similar cases but have rejected the reasoning of *Gutierrez* is awarding plaintiffs fees on equitable grounds. *See e.g. Luna v. U.S. Dept. of Health and Human Services*, 948 F.2d at 173 ("[I]n its remand order . . . the District Court purported to retain jurisdiction, thus unwittingly misleading Luna to think no final judgment was being entered. The fact that the order did operate as a final judgment . . . equitably should not bar Luna from pursuing his EAJA fees.") (footnote omitted); *Misciagno v. Secretary of DHHS*, 786 F.Supp. 1120, 1126 (E.D.N.Y. 1992) ("[P]laintiff should be relieved from the April 16 judgment because of surprise, inadvertence, or excusable neglect."). Even if the Order of Remand in this case were treated as a "final judgment" for EAJA purposes, this Court would give plaintiff the benefit of equitable tolling, applicable to claims under § 405(g). *See Bowen v. City of New York*, 476 U.S. 467, 480, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462 (1986) (Application of the principle of equitable tolling to § 405(g) is "fully consistent with the overall congressional purpose" in enacting the EAJA.). Plaintiff in this case was not on notice that the remand order was a "final judgment". Thus, this Court, giving plaintiff the benefit of equitable tolling, would deem the application for attorney's fees to be timely on such equitable grounds if the remand were deemed to be a final judgment for EAJA purposes.

Thus, this Court finds plaintiff's application for fees timely on two alternative bases. First, the application is timely since this Court did not intend to enter final judgment on remand to the Secretary, instead, it intended to retain jurisdiction to enter final judgment after the completion of the administrative proceedings. Alternatively, if this Court's remand is deemed to have been a final judgment for EAJA purposes, this Court would give plaintiff the benefit of equitable tolling, and deem

retain jurisdiction in order to enter the final judgement after the case was reconsidered at the agency level.

**34**

the application for fees to be timely on equitable grounds.

## II. *The Secretary's Position Was Not Substantially Justified*

 Under the EAJA, the district court is required to award fees to the prevailing plaintiff unless the position of the government was substantially justified. A position is "substantially justified" when it has a reasonable basis in both law and fact. H.R.Rep. No. 1428, 96th Cong., 2d Sess. 10 *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953 at 4989. *See also Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *League of Women Voters of California v. FCC,* 798 F.2d 1255 (9th Cir.1986). It is the government's burden to prove its position was substantially justified. *Barry v. Bowen,* 825 F.2d 1324, 1330 (9th Cir.1987).

Plaintiff claims that the government's position in this case was not substantially justified as it ignored the law of this circuit regarding the weight to be given a treating doctor's opinion. Defendant contends that the fact that the Appeals Council "weighed" the evidence differently does not show that the ALJ's decision on remand was unreasonable.

 The law regarding the weight to be given the opinions of treating physicians is clear. " 'A report of a non-examining, nontreating physician should be discounted and is not substantial evidence when contradicted by all other evidence in the record.' " *Gallant v. Heckler,* 753 F.2d 1450, 1454 (9th Cir.1984), *quoting Millner v. Schweiker,* 725 F.2d 243, 245 (4th Cir.1984). If the treating physician's opinion is contradicted by another physician, the ALJ may only disregard the treating physician's opinion if he sets forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." *McAllister v. Sullivan,* 888 F.2d 599, 602 (9th Cir.1989), *quoting Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir.1983).

 In this case, Dr. Patt Denning was the plaintiff's treating physician beginning in February, 1989, when she began personally observing plaintiff. She was also the supervisor of "trainees" who treated the plaintiff from February 1988 to February 1989. During the period of February 1988 to February 1989 she made the diagnoses and evaluated the severity of the plaintiff's impairments. The ALJ found that while plaintiff's mental impairments were sufficient beginning January 19, 1989 to award benefits, he found that prior to that date plaintiff was not sufficiently impaired to warrant a finding of disability. The Appeals Council rejected the latter finding, applying the ALJ's findings for the period of beginning January 19, 1989, to the period beginning September 1, 1987. The Appeals Council noted that:

> The evidence shows in February 1988 that the claimant had difficulty holding jobs and relating to others with feelings of paranoia and loosening of thought processes. (citations omitted) Findings in May 1988 show him to be inappropriate, paranoid and probably unable to work. (citations omitted) *Based on these findings and the opinion of his treating psychologist* the Appeals Council concludes that the requirements of section 12.08 of the Listing of Impairments were met as of September 1, 1987.

Appeals Council Decision, Plaintiff's Brief, Exhibit C, p. 2 (emphasis added). The ALJ failed to recognize Dr. Denning as a treating physician during the period of February 1988 and February 1989, instead relying on the opinion of Dr. Thomas Singer, a psychiatrist whose testimony regarding plaintiff's case was based only on his review of the record. Dr. Singer, based only on his review of the record, determined that plaintiff did not have sufficient mental disorder to be deemed disabled.

The ALJ's reason for rejecting the opinion of Dr. Denning as a "treating physician" in favor of Dr. Singer's opinion was not a "legitimate reason" under *McAllister,* 888 F.2d at 602. While Dr. Denning may not have been personally involved with plaintiff during the relevant period as his personal physician, she was involved in his diagnoses and evaluation as the supervisor of those who personally treated plaintiff. Her opinion for the relevant period was

improperly disregarded by the ALJ in favor of the opinion of a expert witness who had no personal contact with plaintiff at all. The Appeals Council, in fact, relied on Dr. Denning's testimony as a "treating physician" to award benefits beginning in September 1987.

In addition, the ALJ's decision to disregard Dr. Denning's report was not based on "substantial evidence in the record." *McAllister*, 888 F.2d at 602. The Appeals Council found that the evidence on the record was sufficient to meet the requirements for deeming plaintiff disabled as of September 1987, a finding completely contrary to that of Dr. Singer. Thus, given that the ALJ incorrectly gave dispositive weight to Dr. Singer's report, rejecting Dr. Denning's report, and the fact that there was substantial evidence to conclude that plaintiff was disabled for the period beginning September 1987, the ALJ's decision was based on an error of law, and thus, this Court finds that the government's position was not substantially justified, and fees under the EAJA must be awarded.

III. *Plaintiff's Petition For Fees May Be Awarded For Post–Remand Representation and For Time Spent Obtaining Fees Under the EAJA*

As discussed above, this Court intended to retain jurisdiction over this matter in order to enter final judgment after the completion of agency proceedings. As such, plaintiff is allowed to be compensated for services rendered on remand under *Hudson.* Furthermore, plaintiff argues and this Court agrees that under the EAJA, time spent obtaining EAJA fees may also be compensated. *See Trichilo v. Secretary of Health and Human Service,* 823 F.2d 702, 707–708 (2nd Cir. 1987).

Plaintiff is seeking an amount of $2,387.96 in fees under the EAJA. Defendant argues that plaintiff, by refusing to accept the government's offer of $1000 for fees, unreasonably protracted the litigation, and thus, his petition for fees should be dismissed. However, this Court notes that defendant is open to a similar charge

in that defendant rejected plaintiff's offer to accept an award of $1500. This Court declines to find that either party unreasonably protracted the litigation.

Defendant argues that plaintiff's fee petition was excessive. This Court, in its discretion, does not find that the charges cited by the government (15 minutes to prepare a motion for extension to file summary judgment/remand motion, 30 minutes to redraft the EAJA memo) are excessive. However, defendant argues, and plaintiff concurs, that plaintiff, in his original application for fees, incorrectly computed the current attorney rate. The correct rate, which is reflected in plaintiff's revised fee request, is $108.94 per hour. Thus, plaintiff should be awarded $2387.96 under the EAJA for services provided litigating his case.

CONCLUSION

Therefore, it is hereby ordered that:

1) Plaintiff's petition for fees under the Equal Access to Justice Act be deemed timely filed.

2) Plaintiff's petition for fees is GRANTED, and he is awarded $2387.96 under the Equal Access to Justice Act.

3) Defendant's motion to vacate judgment is DENIED with prejudice.

IT IS SO ORDERED.