Nena ESCOBAR, Plaintiff–Appellee,

v.

Otis R. BOWEN, M.D., Secretary of
Health and Human Services,
Defendant–Appellant.

No. 87–2473.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 1988.

Memorandum July 1, 1988.

Decided Sept. 16, 1988.

Mary K. Doyle, Asst. U.S. Atty., Washington, D.C., for the defendant-appellant.

Ralph R. Howard, San Francisco, Cal., for plaintiff-appellee.

Before BROWNING, ALARCON and NORRIS, Circuit Judges.

## ORDER

Appellant's request that the memorandum, filed July 1, 1988, be published is GRANTED. The memorandum is hereby redesignated a per curiam opinion.

Appellee's request for an extension of time to file a petition for rehearing is GRANTED. Appellee has thirty (30) days from the filing date of the published opinion within which to file a petition for rehearing.

PER CURIAM:

### I

In 1979, 1981, 1982 and 1983, appellee allegedly underreported her income to the Social Security Administration (SSA) and as a result was overpaid insurance benefits by approximately $10,000. Subsequently, the SSA determined that appellee was not without fault in receiving the overpayment and was not entitled to a waiver. Appellee requested an administrative hearing. She appeared at the hearing but her attorney did not. The hearing was rescheduled. At the second hearing, appellee again appeared, but her attorney did not. The Administrative Law Judge (ALJ) proceeded

with the hearing despite the absence of counsel and concluded that appellee was not without fault in receiving the overpayment. The decision became the final decision of the Secretary when the Appeals Council decided not to review the ALJ's determination.

In July 1986, appellee filed this action in district court alleging that, in failing to reverse the ALJ's determination, the Secretary violated appellee's rights to counsel under the Sixth Amendment and the Social Security Act, to due process under the Fifth and Fourth Amendments and the Social Security Act, and against self-incrimination. Appellee also alleged malpractice against her former attorney and negligent infliction of emotional distress. Appellee sought an injunction preventing the Secretary from collecting the overpayment or compelling the Secretary to hold a new hearing. She also asked for damages.

The district court denied the Secretary's motion for summary judgment and granted appellee's motion for a remand. The district court stated,

> It appears clear from the hearing transcript that the [ALJ] did not inform plaintiff that she could refuse to proceed with the hearing in the absence of her attorney. Without direct advisement of her absolute right to have counsel present, no waiver of that right was possible. Furthermore, the absence of counsel presumptively prejudiced plaintiff due to her lack of English-language skills. Additionally, it appears lack of representation led to forclosure [sic] of complicated legal defenses plaintiff may have had but was unable to present by herself.

Excerpt of Record at 16.

■ Soon thereafter, appellee filed an application for attorneys' fees under the EAJA, 28 U.S.C. § 2412(d). Apparently, appellee applied for fees only for time spent litigating the right to counsel issue on which she obtained the remand. The district court granted the request, awarding appellee $3687 calculated on the basis of 36 hours @ $100 per hour in fees and $87 in costs. The Secretary appeals the district court's determination that appellee is a prevailing party and entitled to fees under the Equal Access to Justice Act (EAJA).[1]

## II

EAJA provides that "a court shall award to a *prevailing party* other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States...." 28 U.S.C. § 2412(d)(1)(A) (emphasis provided). Under EAJA, a party prevails and is entitled to fees only if she succeeds on the substantive merits of her action. *See Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (procedural victories do not entitle parties to fees); *Hensley v. Eckhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed. 2d 40 (1983) (a party prevails for attorney's fees purposes if he succeeds on a significant issue which achieves some of the benefit sought in bringing the suit); *see also Escobar Ruiz v. INS*, 787 F.2d 1294, 1297 (9th Cir.1986), *aff'd on rehearing*, 838 F.2d 1020–29 (9th Cir.1988) (en banc) (remand to an administrative agency without more is not relief on the underlying merits) *and Swenson v. Heckler*, 801 F.2d 1079 (9th Cir.1986) (same).

■ Although the district court denied the Secretary's motion for summary judgment and granted appellee's motion for a remand on the basis that the ALJ had failed to inform her of her right to counsel, appellee is not a prevailing party under EAJA, at least at this time. After the district court dismissed her malpractice allegations and stayed her constitutional claims, appellee's complaint essentially re-

---

1. A district court's decision to grant or deny attorneys' fees under the EAJA is reviewed for abuse of discretion. An abuse of discretion occurs if the district court based its decision on an erroneous legal conclusion or a clearly erroneous finding of fact. Interpretation of the EAJA is a question of law reviewable *de novo*.

*Oregon Environmental Council v. Kunzman*, 817 F.2d 484, 496 (9th Cir.1987); *see also Pierce v. Underwood*, — U.S. —, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988) (district court's determination whether government's position was substantially justified is reviewed for abuse of discretion).

quested review of the administrative decision in the underlying collection action. In remanding for a new hearing, the district court did not reach the merits of appellee's claims in the underlying collection action. Thus the remand in this case is no different from the remand in *Swenson,* 801 F.2d at 1080 (remand to allow Secretary to rebut claimant's prima facie showing of disability).

The district court's order did vindicate appellee's right to counsel in an administrative hearing. Under the law of this circuit, however, even a significant procedural victory which implicates substantive rights is not sufficient to make a party a prevailing party under EAJA. *See NLRB v. Doral Building Services, Inc.,* 680 F.2d 647 (9th Cir.1982) (litigant who obtained remand because ALJ had disallowed cross-examination had not prevailed on merits of underlying action and was not entitled to fees); *see also Gamber v. Bowen,* 823 F.2d 242, 244 (8th Cir.1987) (remand because ALJ failed to explain claimant's right to counsel would not be sufficient to make claimant a prevailing party) (dicta).

Because appellee has not yet succeeded on the merits of her collection action, we conclude that she is not a prevailing party at this time, 801 F.2d at 1080, and that the district court therefore abused its discretion in awarding fees. *OEC v. Kunzman,* 817 F.2d at 496 (abuse of discretion occurs if district court based its decision to award fees on an erroneous legal conclusion).[2]

REVERSED.

---

**2.** Since we conclude that appellee is not yet a prevailing party, we need not reach the other issues raised by the Secretary on appeal, namely whether the Secretary's position was substantially justified and whether the district court erred in awarding fees in excess of $75 an hour.