IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-60126
Summary Calendar
_____

JUATASSA SIMS,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
_____

ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES

August 15, 2000

Before POLITZ, STEWART, and PARKER, Circuit Judges.

PER CURIAM:

Juatassa Sims appeals the district court's affirmance of the Commissioner's

denial of her application for disability insurance benefits, contending that the

administrative law judge: (1) failed to afford proper weight to a psychologist's opinion that she was severely depressed; (2) improperly excluded certain of her impairments in assessing her residual function capacity; and (3) erred in failing to order a consultative examination. In an earlier opinion,[1] we rejected the first claim on the merits, concluding that the ALJ's credibility determinations in that regard were entitled to deference.[2] We also held that because Sims failed to raise the second and third claims before the Social Security Appeals Council, we lacked jurisdiction to consider them under our then controlling precedent of **Paul v. Shalala**.[3] The Supreme Court granted certiorari, held that it was inappropriate to mandate the exhaustion of issues before the Social Security Administration, and remanded to us for further proceedings.[4]

The Supreme Court's directive does not affect our prior disposition of Sims' first claim and on reexamination it is reinstated. However, because our earlier opinion resolved her second and third claims on the basis of issue exhaustion, consideration of the merits of same is in order. Our review of the Secretary's

---

[1]**Sims v. Apfel**, 162 F.3d 1160 (5th Cir. 1998) (table).

[2]**Greenspan v. Shalala**, 38 F.3d 232 (5th Cir. 1994).

[3]29 F.3d 208 (5th Cir. 1994).

[4]**Sims v. Apfel**, 120 S.Ct. 2080 (2000).

denial of disability benefits "is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence."[5]

Sims' second contention is that although the ALJ found that her carpal tunnel syndrome resulted in an inability to perform her past work, he failed to find that it resulted in her inability to perform the jobs cited by the vocational expert, all of which required frequent reaching, handling, or fingering. It is clear from the record that the ALJ found that Sims was capable of performing a reduced range of light work. A vocational expert testified that Sims' former jobs involved medium work and identified a number of jobs involving light work Sims would be able to perform. We find and conclude that substantial evidence supports the ALJ's finding that Sims' physical impairments, including the claimed carpal tunnel syndrome, were severe enough to prevent her from performing medium work but did not adversely impact the performance of limited light work. Sims maintains that the ALJ failed to account for her borderline intellectual capacity and somatoform disorder in determining her residual function capacity. The record reflects that the ALJ quizzed the vocational expert about the availability of jobs for

---

[5]**Villa v. Sullivan**, 895 F.2d 1019 (5th Cir. 1990).

3

a person capable of performing light work who had a mild to moderate difficulty with concentration and attention due to pain, and moderate difficulty functioning due to depression. We are persuaded that this question was sufficient to "incorporate reasonably all disabilities by the claimant."[6] We find no merit in this assigned error.

Sims finally contends that the ALJ should have ordered a consultative examination to develop a full and fair record of her psychological condition. It is readily apparent that the record contains sufficient medical and non-medical evidence upon which to base a determination of the severity of Sims' mental problems. The decision by the ALJ not to order a further consultative exam was within his discretion and we find no abuse thereof.[7] This issue likewise lacks merit.

Accordingly, the judgment of the district court is in all respects AFFIRMED.

---

[6]**Bowling v. Shalala**, 36 F.3d 431 (5th Cir. 1994).

[7]**Haywood v. Sullivan**, 888 F.2d 1463 (5th Cir. 1989).

4