# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 98-60126
Summary Calendar

JUATASSA SIMS,

Plaintiff-Appellant,

VERSUS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi

January 10, 2001

Before POLITZ, STEWART, and PARKER, Circuit Judges.

PER CURIAM:

Before the Court is Appellant's Petition for Attorney Fees Under the Equal Access to Justice Act ("Petition"). Appellant seeks attorney fees of $233,131.87 and costs of $2,367.76 as an interim award for prevailing before the Supreme Court. Because we hold that Appellant is not a prevailing party and that Appellee's position was substantially justified, the Petition is DENIED. We need not and do not address the reasonableness of the amount sought in the Petition.

I.

Appellant initially brought this action before the district court challenging Appellee's denial of disability insurance benefits. The district court rejected Appellant's contentions and affirmed the denial of benefits. On appeal, Appellant argued that the administrative law judge (1) failed to afford proper weight to a psychologist's opinion that Appellant was severely depressed; (2) improperly excluded certain of her impairments in assessing her residual function capacity; and (3) erred in failing to order a consultative examination. We rejected the first claim on the merits and held that we lacked jurisdiction under *Paul v. Shalala*, 29 F.3d 208 (5th Cir. 1994), over the remaining claims because Appellant failed to exhaust them before the Social Security Appeals Council. *See Sims v. Apfel*, 200 F.3d 229, 230 (5th Cir. 1998) (per curiam). Appellant appealed to the Supreme Court, which held that it was inappropriate to require Appellant to exhaust her claims before the Appeals Council, reversed our decision, and remanded to us for further proceedings. *Sims v. Apfel*, 120 S. Ct. 2080, 2086 (2000). On remand, we reviewed and rejected Appellant's remaining claims on the merits. *Sims v. Apfel*, 224 F.3d 380, 381-82 (5th Cir. 2000) (per curiam). Nonetheless, Appellant seeks attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), based on the remand from the Supreme Court.

II.

The EAJA provides in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust.

§ 2412(d)(1)(A) (emphasis added). Thus, an award of fees is mandated if (1) the claimant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *See Commissioner v. Jean*, 496 U.S. 154, 158 (1990). We address only whether Appellant is a prevailing party and whether Appellee's position was substantially justified.

A.

A plaintiff may be considered a "prevailing party" under the EAJA "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see id.* at n.7 (stating that the above standard is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"); *Squires-Allman v. Callahan*, 117 F.3d 918, 919 (5th Cir. 1997). However, appellate procedural rulings in favor of the plaintiff generally do not render her a "prevailing party." *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980). While such rulings may "affect the disposition on the merits," they are not "matters on which a party could 'prevail' for purposes of shifting his counsel fees to the opposing party." *Id.*; *see Huey v. Sullivan*, 971 F.2d 1362, 1367 (8th Cir. 1992) ("Establishing jurisdiction is a procedural victory that does not justify fee shifting."), *cert. denied sub nom. Huey v. Shalala*, 511 U.S. 1068 (1994); *Escobar v. Bowen*, 857 F.2d 644, 646 (9th Cir. 1988) ("[E]ven a significant procedural victory which implicates substantive rights is not sufficient to make a party a prevailing party under EAJA."). More importantly, "a favorable judicial statement of law in the course of litigation that results in judgment against the plaintiff does not suffice to render him a 'prevailing party.'" *Hewitt v. Helms*, 482 U.S. 755, 763 (1987).

In this action, Appellant makes a plausible argument that she is a prevailing party entitled to

3

interim attorney fees for her victory before the Supreme Court.  Appellant argues that the Supreme Court's reversal and remand was a significant issue in litigation which achieved some of the benefit Appellant sought in bringing suit.  *Cf. Texas State Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 792 (1989) ("[A]t a minimum, to be considered a prevailing party . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant.").  Appellant further argues that because the Supreme Court has held that a party who obtains an order remanding an action pursuant to sentence four of § 205(g) of the Social Security Act, codified at 42 U.S.C. § 405(g), is a prevailing party under the EAJA, *see Sullivan v. Hudson*, 490 U.S. 877, 892 (1989), this Court should analogously hold that the Supreme Court's remand of Appellant's action renders Appellant a prevailing party.

While Appellant's victory before the Supreme Court is significant, the facts and history of this action militate against awarding fees to Appellant.  There is no controlling authority that addresses whether a party that wins a jurisdictional argument before the Supreme Court is a prevailing party under fee-shifting statutes like the EAJA even if she loses the merits of her claims.  But Appellant's action is similar to *Hewitt*, in which the Supreme Court held that "a favorable judicial statement of law in the course of litigation that results in judgment against the plaintiff does not suffice to render him a 'prevailing party.'" *Hewitt*, 482 U.S. at 763.  In *Hewitt*, the plaintiff, a prisoner, sued prison officials under 42 U.S.C. § 1983 for convicting him of misconduct and sentencing him to disciplinary restrictive confinement.  The district court rendered summary judgment against the plaintiff on his constitutional claims without passing on the defendants' qualified immunity defense, but the Third Circuit reversed and held, *inter alia*, that the plaintiff's misconduct conviction violated due process and instructed the district court to enter summary judgment for the plaintiff unless the defendants

4

established qualified immunity. The Supreme Court reversed the Third Circuit, but did not review the Third Circuit's decision on the plaintiff's misconduct conviction. When the action reached the Third Circuit again, that court reaffirmed its instruction to the district court to enter summary judgment in favor of the plaintiff based on the unconstitutionality of the misconduct conviction unless the defendants established qualified immunity. The district court on remand entered summary judgment for the defendants on all claims based on qualified immunity. Then the plaintiff sought attorney fees under 42 U.S.C. § 1988(b).[1] The district court denied the plaintiff's request partially based on the fact that the defendants' qualified immunity precluded damages and thus did not render the plaintiff a prevailing party under § 1988(b). The Third Circuit reversed the district court and held, *inter alia*, that its prior ruling that the defendants violated the plaintiff's due process rights was a form of "judicial relief" that rendered the plaintiff a prevailing party under § 1988(b). On appeal the Supreme Court reversed the Third Circuit and held that because the plaintiff obtained no damages and hence no relief, he was not a prevailing party under § 1988(b). The Supreme Court added that although the Third Circuit's decision may indeed be "relief," ultimately the plaintiff did not prevail because he "obtained nothing from the defendants." *Hewitt*, 482 U.S. at 761-62.

Likewise, although Appellant may have obtained "relief" from the Supreme Court reversing this Court's jurisdictional decision, she did not obtain anything from Appellee on the merits of her claims. The district court did not address the jurisdictional argument in rejecting the merits of Appellant's claims. We affirmed the district court's rejection of one of Appellant's claims and held

---

[1] That section provides in relevant part: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

5

that her remaining claims were jurisdictionally barred based on issue exhaustion. *Sims*, 200 F.3d at 230. The Supreme Court reversed our jurisdictional finding and remanded for further proceedings. *Sims*, 120 S. Ct. at 2086. On remand we reviewed the merits of Appellant's remaining claims and affirmed the district court. *Sims*, 224 F.3d at 381-82. In light of these decisions, Appellant's success before the Supreme Court does not render her a prevailing party because the Supreme Court did not order any relief relating to the merits of Appellant's claims, and Appellant received nothing from Appellee. *See Hewitt*, 482 U.S. at 762. Additionally, the remand from the Supreme Court to this Court cannot be analogized to a remand under sentence four of § 405(a) because a sentence-four remand "terminates the litigation with victory for the plaintiff," *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993), whereas the Supreme Court's remand in this action neither terminated the litigation in favor of Appellant nor addressed the merits of Appellant's claims. The Supreme Court's remand is more analogous to a remand under sentence six of § 405(g), which permits a remand to the Commissioner of Social Security for further action. *See Squires-Allman*, 117 F.3d at 919 n.2 ("One does not become a prevailing party merely because the Secretary's request for a remand is granted under sentence six. Instead, the party must actually succeed in receiving some substantial benefit that was sought in the original appeal because of the remand."); *Escobar*, 857 F.2d at 646. The Supreme Court's decision in this action is only a procedural victory on which Appellant cannot "prevail" for purposes of shifting his counsel fees to the opposing party. *See Hewitt*, 482 U.S. at 763; *cf. Huey*, 971 F.2d at 1367; *Escobar*, 857 F.2d at 646.

B.

Even assuming Appellant is a prevailing party under the EAJA, she is not entitled to attorney fees if the position of the United States was "substantially justified." § 2412(d)(1)(A). "Substantially

6

justified" means "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In other words, it means a "reasonable basis both in law in fact." *Id.* "To be 'substantially justified' means . . . more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.* (footnote omitted).

> The fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified. Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose. Nevertheless, a string of losses can be indicative; and even more so a string of successes.

*Id.* at 2552. "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." § 2412(d)(1)(B). "[T]he EAJA–like other fee-shifting statutes–favors treating a case as an inclusive whole, rather than as atomized line-items." *Jean*, 496 U.S. at 161-62. The United States has the burden of establishing that its position was substantially justified. *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986).

Appellant raises three points on whether Appellee's position was substantially justified. First, Appellant argues that Appellee's position initially before this Court was unjustified in light of controlling precedent. Second, Appellant argues that Appellee failed to properly place the issue of exhaustion before this Court by not objecting to the magistrate judge's findings and by not cross-appealing the district court's judgment. Finally, Appellant argues that Appellee's administrative position was deceptive and misleading.

None of these arguments have merit. First, Appellee's position, that Appellant must seek issue exhaustion before the Appeals Council, before us was justified because it relied on our controlling decision in *Paul*, which held that a claimant's failure to exhaust administrative remedies deprived us of jurisdiction to review her claims. 29 F.3d at 210. Moreover, the Supreme Court in Sims unanimously agreed that in most cases, issue exhaustion is a necessary predicate for federal judicial review. *Sims*, 120 S. Ct. at 2084, 2086 & 2087-88. The Justices narrowly split 5-4 on whether an exception to that predicate should be created under Social Security laws. Second, because we erroneously treated issue exhaustion as a jurisdictional matter, Appellee did not have to object to the magistrate judge's findings or cross-appeal the district court's judgment. Finally, there is no evidence in the record suggesting that Appellee's administrative position was deceptive and misleading. Therefore, Appellee's position was substantially justified, and Appellant is not entitled to attorney fees under the EAJA.

Appellant's Petition is DENIED.