United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-50163
Summary Calendar

_____

JOHN T RAY

              Plaintiff - Appellant

     v.

JO ANNE B BARNHART, COMMISSIONER OF SOCIAL SECURITY

              Defendant - Appellee

_____

Appeal from the United States District Court
for the Western District of Texas, Austin
No. 1:03-CV-861

_____

Before KING, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-appellant John T. Ray ("Ray") appeals the denial

of his claim for Social Security disability benefits.  For the

following reasons, we AFFIRM the judgment of the district court.

### I. FACTUAL AND PROCEDURAL BACKGROUND

     On July 10, 2000, Ray filed a claim for disability benefits

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

with the Social Security Administration pursuant to 42 U.S.C. § 401, alleging a disability onset date of December 1, 1999.[1] After the Commissioner denied his claim, Ray requested and received a hearing before an Administrative Law Judge ("ALJ") on May 13, 2002.

At the hearing, Ray presented the following facts. In 1984, Ray's right leg was amputated following a car accident. Ray asserted that since then, he has had pain in his legs, has had trouble standing for any length of time, has experienced back pain, and has suffered from depression. Moreover, his prosthesis does not fit well, causing pain and bleeding of the stump whenever he must walk or stand for a long period of time. Ray also testified that he suffered from drug addiction and was in a substance abuse program.[2] The ALJ also heard testimony from a

---

[1] Ray had previously received disability benefits from 1993 through December 1998, at which time he was informed that his benefits would be terminated due to medical improvement. Ray received his last payment of disability benefits in February 1999. Because Ray subsequently filed a new application for disability benefits with an onset date of July 10, 2000, we note at the outset that this is not a termination case subject to the "medical improvement" standard under 42 U.S.C. § 423(f). See Richardson v. Bowen, 807 F.2d 444, 445 (5th Cir. 1987) ("The plain language of the statute indicates that the Secretary must make a finding of medical improvement only in termination cases.").

[2] According to the record, Ray was diagnosed with a condition known as "polysubstance abuse disorder," which more accurately described his battles with alcohol, marijuana, and heroin/methadone abuse. 2 R. at 21. Although his testimony revealed that he still drinks beer and occasionally smokes marijuana, Ray claimed to have successfully given up heroin and methadone.

medical expert (Dr. Barbara Felkins) and a vocational expert (Diana Moore) to assess Ray's condition.

At the close of evidence, the ALJ issued an eight-page opinion denying Ray's request for Social Security disability benefits and providing reasons for that denial. The ALJ indicated that she had "carefully considered all of the medical opinions in the record regarding the severity of claimant's impairments," and that she found Ray's "allegations regarding his limitations . . . not totally credible for the reasons set forth in the body of the decision." 2 R. at 21. Specifically, she found that Ray

> has the following residual functioning capacity: lift 20 lbs. occasionally; lift and carry 10 lbs. frequently; stand and/or walk 2 hours out of 8 hours intermittently, no more than 15 minutes at one time and then would have to be seated; sit for 8 hours out of an 8 hours [sic] with normal breaks; occasionally bend or stoop; unable to squat or knee [sic]; unable to climb stairs, ladders, ropes, or scaffolds; unable to or [sic] work at unprotected heights or around dangerous moving machinery; and who has a fair ability (somewhat affected or below average) to maintain attention and concentration for an extended period[] (more than 2 hours).

Id. Although the ALJ found that Ray could no longer perform the work he had done in the past, she concluded that, given his age and educational background,[3] he had the residual functional capacity to perform a range of sedentary and light work jobs that

---

[3] At the time of his hearing before the ALJ, Ray was only forty-seven years old and had received his GED despite dropping out of school after the eighth grade, which qualified him as a "younger person" with the equivalent of a "high school education" under the regulations. See 20 C.F.R. §§ 416.963-.964.

existed in sufficient numbers in the national economy, including such jobs as taxicab dispatcher, toll collector, ticket seller, and bench assembly.  Therefore, the ALJ determined that Ray was not disabled during the relevant time period.

Ray appealed the ALJ's decision to the Social Security Administration Appeals Council, which affirmed the ALJ's denial of benefits.  Ray then sought review of this determination in the United States District Court for the Western District of Texas.  The case was referred to a magistrate judge, who issued a report and recommendation to affirm the ALJ's decision on September 22, 2004.  On January 11, 2005, the district court issued a final judgment adopting the magistrate judge's recommendation.  Ray filed this timely appeal on January 20, 2005.

Ray raises two claims in this appeal.  First, Ray argues that there is not substantial evidence to support the ALJ's assessment of the record, particularly with respect to his ability to maintain concentration.  Specifically, with respect to his substantial evidence challenge, Ray alleges that the ALJ failed to adequately consider Ray's credibility, the testimony of his treating physician, and the extent to which his residual functional capacity compromised his ability to secure alternative employment.  Second, Ray asserts that the ALJ applied the incorrect legal standard with respect to determining the extent and impact of the pain Ray claimed to suffer as a result of his physical impairments.

-4-

## II. STANDARD OF REVIEW

Our review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.[1]  See 42 U.S.C. § 405(g); Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994) (quoting Richardson v. Perales, 402 U.S. 389, 401) (1971)); see also Masterson v. Barnhart, 309 F.3d 267, 272 (5th Cir. 2002) (describing the substantial evidence review as requiring "more than a mere scintilla and less than a preponderance" of evidence) (quoting Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000)). The Commissioner's factual findings are conclusive to the extent they are supported by substantial evidence in the record. Perales, 402 U.S. at 390.  In applying the substantial evidence standard, we examine the record evidence as a whole, but may not substitute our judgment for the Commissioner's or re-weigh the evidence.  Perez, 415 F.3d at 461; Masterson, 309 F.3d at 272.

---

[1]  Although Ray's brief confuses the components of his substantial evidence and legal standard challenges at times, this opinion addresses the merits of each argument according to the applicable statutory and regulatory provisions and case law in this circuit.

### III. DISCUSSION

A claimant bears the burden of proving that he suffers from a disability under the Social Security Act ("SSA"). Anthony v. Sullivan, 954 F.2d 289, 293 (5th Cir. 1992). "Disability" is defined under the SSA as "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); Newton, 209 F.3d at 452. In examining a disability claim, the Commissioner follows the familiar five-step sequential analysis to determine whether: (1) the claimant is currently engaged in substantial gainful activity;[5] (2) he has a severe impairment; (3) the impairment meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment prevents the claimant from performing past relevant work in light of his residual functional capacity;[6] and (5) the impairment prevents him from adjusting to other work in light of his residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920; see Loza v. Apfel, 219 F.3d 378, 390 (5th Cir. 2000).

---

[5] "Substantial gainful activity" is work activity that involves doing significant physical or mental activities for pay or profit. 20 C.F.R. § 404.1572(a)-(b).

[6] The term "residual functional capacity" is defined as the most an individual can still do after considering the physical and mental limitations that affect the ability to perform work-related tasks. 20 C.F.R. § 416.945(a)(1).

If the claimant satisfies the first four steps with sufficient proof, the burden shifts to the Commissioner to demonstrate that the claimant can perform other substantial work in the national economy.  Masterson, 309 F.3d at 272; see also Brown v. Apfel, 192 F.3d 492, 498 (5th Cir. 1999) ("This shifting of the burden of proof to the Commissioner is neither statutory nor regulatory, but instead, originates from judicial practices.").  Once the Commissioner proffers evidence that the claimant can perform other substantial work, the ultimate burden of proof "returns to the claimant to rebut the Commissioner's showing."  Masterson, 309 F.3d at 272.  Consistent with the sequential nature of the analysis, a finding that the claimant is not disabled at any step is conclusive and ends the inquiry.  Id. Because the parties do not dispute the ALJ's findings that Ray satisfied the first four steps of the analysis, we will focus our attention on the fifth and final step in scrutinizing the merits of this appeal.

Ray argues that the ALJ's final decision at the fifth step of the analysis is not supported by substantial evidence.  See Ripley v. Chater, 67 F.3d 552, 557 (5th Cir. 1995) (reversing grant of summary judgment and remanding to ALJ to determine the extent to which new medical evidence demonstrated the claimant's inability to perform sedentary work); Randall v. Sullivan, 956 F.2d 105, 109 (5th Cir. 1992) (finding a lack of substantial

evidence to support a disability determination where the ALJ relied on an improper medical report). In particular, he asserts that the ALJ underestimated the severity and extent of his physical limitations from his back pain and ill-fitting prosthesis. He also claims that the ALJ ignored altogether that he has a personality disorder, which he argues impairs his ability to concentrate and maintain employment. He then rehashes each of the ALJ's findings regarding his condition without providing specific reasons why the ALJ's findings are not supported by substantial evidence or why he claims the ALJ failed to give certain facts sufficient weight.

In response, the government maintains that the ALJ's decision was supported by substantial evidence on each of the above points. The government argues that the ALJ properly evaluated Ray's condition and ability to engage in substantial gainful employment, pointing out that the ALJ cited extensively the testimony from the expert medical witness, Ray's treating physician, and the vocational expert. Moreover, the government asserts that the ALJ has the duty to weigh the evidence, determine witness credibility, and resolve conflicts. <u>Johnson v. Bowen</u>, 864 F.2d 340, 347 (5th Cir. 1988).

The district court, adopting the report and recommendation of the magistrate judge, found that the ALJ's decision did in fact consider the severity of Ray's physical and psychological

limitations before reaching its final determination that he was still capable of performing light and sedentary work. We agree. Contrary to Ray's assertions that the ALJ failed to adequately consider his back pain and stump irritation, there is substantial evidence in the record showing otherwise. The ALJ's opinion appropriately reviewed Ray's complaints in light of conflicting medical evidence in the record. See Moon v. Bowen, 810 F.2d 472, 473 (5th Cir. 1987) (finding substantial evidence to support the ALJ's denial of disability benefits despite the applicant's claim that he was experiencing back pain). For instance, the ALJ specifically referred to x-rays of Ray's lumbar and cervical spine that were within the normal range and revealed only modest degenerative changes in discounting Ray's claims of back pain. See Brown v. Apfel, 192 F.3d 492, 495 (5th Cir. 1999) (finding substantial evidence to support the ALJ's determination that the claimant did not suffer from a disabling back condition where x-rays revealed "no physiological abnormalities"). Given the limited scope of our review, we find that the ALJ's careful analysis on this score was amply supported by substantial evidence.

With respect to his psychological condition, the ALJ did in fact consider and discuss the depressive disorder that impaired his concentration abilities before concluding at step five of the analysis that its effects would not significantly limit his

ability to perform certain kinds of work available in the national economy. See Sims v. Apfel, 224 F.3d 380, 381 (5th Cir. 2000) (affirming a denial of disability benefits where the record reflected only "a mild to moderate difficulty with concentration and attention due to pain, and moderate difficulty functioning due to depression"). The medical expert examining the records of Ray's psychiatric evaluations also concluded that his depressive disorder was largely related to his substance abuse problems and that Ray had shown improvement through treatment. Indeed, Ray's global assessment of functioning ("GAF") score of 70 indicates only mild symptoms or some difficulty in social or occupational functioning. See Boyd v. Apfel, 239 F.3d 698, 700 n.2 (5th Cir. 2001) ("GAF is a standard measurement of an individual's overall functioning level with 'respect only to psychological, social, and occupational functioning.'") (quoting AMERICAN PSYCHIATRIC ASS'N DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS at 32 (4th ed. 1994)).

Ray argues that another treating psychiatrist (Dr. Crane) found him to have a GAF of 45, which Ray contends the ALJ incorrectly disregarded in its opinion. This is simply not the case. Although the ALJ never expressly mentioned Dr. Crane by name or the conflicting GAF scores, she did discuss the outpatient treatment that Ray received from Dr. Crane in her written opinion. We are mindful that considerable weight must be

-10-

accorded to the opinion of a treating physician; however, the ALJ may give "less weight, little weight, or even no weight" to the opinion of a treating physician upon a showing of good cause. Myers v. Apfel, 238 F.3d 617, 621 (5th Cir. 2001); see also 20 C.F.R. § 404.1527(d)(2) (giving "controlling weight" to a treating physician's opinion only if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record).

The record indicates that Dr. Crane's assessment was considerably less thorough than the one primarily relied upon in the ALJ's opinion and was, as well, somewhat internally inconsistent. Specifically, Dr. Crane's evaluation does not include an explanation for the GAF rating provided and conspicuously failed to check a box on the evaluation form to report any occupational problems stemming from Ray's ailments. See Leggett v. Chater, 67 F.3d 558, 566 (5th Cir. 1995) (affirming a denial of disability benefits where the ALJ placed little emphasis on an "isolated, conclusory statement" about the applicant's condition that conflicted with the rest of the evidentiary record); Greenspan, 38 F.3d at 238 (affirming ALJ's decision to disregard the opinion of a treating physician that was "conclusory" and "contradicted by both itself and outside medical evidence"). Given the limited scope of our review and

presence of conflicting accounts of Ray's mental condition in the record, we find substantial evidence to support the ALJ's conclusion.  See Sims, 224 F.3d at 381 (affirming ALJ's denial of disability benefits for "a person capable of performing light work who had a mild to moderate difficulty with concentration and attention due to pain, and moderate difficulty functioning due to depression").

As the district court correctly found in adopting the magistrate judge's report, the ALJ's decision bespeaks a careful analysis of the medical evidence available in the record before reaching its conclusion to deny disability benefits to Ray. First, the ALJ noted that Ray's mental status evaluations characterized him as having a euthymic mood, stable affect, and thought processes that were logical, coherent, and goal oriented. Second, upon his release from inpatient psychiatric treatment for severe depression and suicidal ideation, Ray's mental condition showed marked improvement, including goal-directed speech, intact insight and judgment, and no further evidence of suicidal or delusional ideations.[7]  Third, with respect to his physical

_____

[7]  These improvements are also consistent with the testimony of Dr. Felkins at the hearing, who concluded that Ray's substance abuse problems were closely associated with his mental condition. In fact, Ray testified at the hearing that he had successfully given up his previous addictions to methadone and heroin, although he admitted that he continued to drink beer and smoke marijuana on occasion.

limitations, our review of the record indicates that the ALJ actually adopted the most conservative assessment of Ray's functional limitations.  When viewed in this light, Ray's arguments that the ALJ failed to adequately consider his disabling condition certainly lack merit under our substantial evidence standard of review.  Finally, the ALJ's opinion rightly and expressly used the live testimony from the medical and vocational experts to balance the conflicting evidence in the record.  See Masterson, 309 F.3d at 273; see also Vaughan v. Shalala, 58 F.3d 129, 132 (5th Cir. 1995) (approving of the ALJ's use of a vocational expert).  Thus, we find that substantial evidence supports the ALJ's conclusion that Ray retained the requisite capacity to perform light and sedentary work activities despite his depressive disorder.

Finally, Ray argues that the ALJ ignored the requirements of 20 C.F.R. § 416.929 in assessing the extent and impact of the pain Ray suffered.  Specifically, Ray alleges that the ALJ failed to consider whether his symptoms of pain were consistent with the objective medical evidence.  The government responds that the ALJ properly evaluated Ray's subjective claims of pain under the appropriate legal standards.  In particular, the government argues that the ALJ correctly examined his claims in light of the countervailing medical testimony.  Moreover, the government maintains that a reviewing court should give deference to the

-13-

ALJ's credibility determinations.  Selders v. Sullivan, 914 F.2d 614, 617 (5th Cir. 1990).

We agree with the government and find no merit in this aspect of Ray's appeal.  Under 20 C.F.R. § 416.929(a), the ALJ is directed to "consider all [an individual's] symptoms, including pain, and the extent to which [an individual's] symptoms can reasonably be accepted as consistent with the objective medical evidence, and other evidence."  As stated in the magistrate judge's report and recommendation to the district court, the ALJ was "clearly aware" of her need to assess Ray's pain symptoms and the extent to which those symptoms were consistent with the record evidence.  Accordingly, the ALJ contrasted Ray's testimony that he experienced back pain with the x-ray evidence showing normal lumbar conditions and only minor degenerative changes in the cervical vertebrae.  See Brown, 192 F.3d at 500 (finding no abuse of discretion under the relevant regulations where the ALJ discounted the individual's pain symptoms because "every objective medical assessment revealed no physiological basis for [the individual's] pain").  Further, the objective medical evidence in the record demonstrated that Ray could perform a full range of daily activities, and the ALJ correctly took this into account in reaching her final determination.  Id.  Thus, we find absolutely no merit in Ray's argument that the ALJ failed to apply the correct legal standard to assess his subjective claims

-14-

of pain.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.