**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2274**

TIMOTHY COOKE,

        Plaintiff - Appellant,

      v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:17-cv-00841-TDS-LPA)

Submitted: April 30, 2019                         Decided: May 28, 2019

Before WYNN and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charlotte W. Hall, CHARLES T. HALL LAW FIRM, Raleigh, North Carolina, for Appellant. Eric P. Kressman, Regional Chief Counsel, Stephen Giacchino, Supervisory Attorney, Mary Ann Mullaney, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Matthew G.T. Martin, United States Attorney, Lynne P. Klauer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

An Administrative Law Judge (ALJ) for the Social Security Administration denied Timothy Cooke's applications for Disability Insurance Benefits and Supplemental Security Income, finding that Cooke retained the residual functional capacity to perform light work with postural and environmental limitations and thus was not disabled during the relevant period. After the decision became final, Cooke brought the underlying civil action seeking judicial review. The parties cross moved for judgment on the pleadings, and the district court adopted the magistrate judge's recommendation to affirm the denial of benefits. Cooke appeals the judgment, and we affirm.

Cooke first asserts that the ALJ erred by not ruling on his attorney's prehearing request for a consultative examination of Cooke's intellectual functioning and IQ testing. Cooke filed this request almost three years after he applied for benefits claiming the disabling conditions of COPD, degenerative disc disease, depression, and anxiety. The magistrate judge found, and the district court agreed, that Cooke abandoned his request for further consultative examination during the administrative proceedings. Upon review of the transcripts of Cooke's June 8 and August 15, 2016, hearings, we find ample support for this conclusion. Notably, Cooke's attorney stated at the August 15 hearing that there would be no late-filed exhibits and agreed that the record could be closed that day. Additionally, Cooke never amended his application to assert that he was mentally disabled as a result of his low intellectual functioning. Because Cooke abandoned his prehearing request for intellectual testing, we conclude that the ALJ did not abuse his discretion in failing to grant that request. *See Skinner v. Astrue*, 478 F.3d 836, 844 (7th

Cir. 2007) ("The ALJ is not *required* to order such [consultative] examinations, but may do so if an applicant's medical evidence about a claimed impairment is insufficient."); *see also Sims v. Apfel*, 224 F.3d 380, 381-82 (5th Cir. 2000) (observing that whether to order a consultative examination lies within the ALJ's discretion); 20 C.F.R. §§ 404.1519a, 416.919a (2019).

Cooke next challenges the ALJ's failure to address Medical Listing 12.05C at Step Three of the Sequential Evaluation Process. Cooke raised this issue in the district court, but did not object to the magistrate judge's extensive reasoning for his recommended finding that there was no error in the ALJ's Step 3 analysis. As the Commissioner points out, the timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b)(1)-(2); *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("We have long held that the Federal Magistrates Act cannot be interpreted to permit a party to ignore his right to file objections with the district court without imperiling his right to raise the objections in the circuit court of appeals." (alterations and internal quotation marks omitted)). To qualify as specific, a party's objection must "reasonably . . . alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir 2007); *see Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 738 (2018). This requirement preserves the role of the district court as the primary supervisor of magistrate judges and "train[s] the attention of both the district court and the court of appeals upon

3

only those issues that remain in dispute after the magistrate judge has made findings and recommendations." *Midgette*, 478 F.3d at 621.

Here, the magistrate judge advised Cooke that his failure to file specific objections to the recommendation would waive appellate review of a district court order based on the recommendation. Despite this warning, Cooke, who was represented by counsel, filed an objection that addressed the ALJ's failure to order further consultative examination and intelligence testing, and the prejudice flowing from that failure as it related to his eligibility for benefits under Medical Listing 12.05C. However, he did not object to the magistrate judge's ruling as to the propriety of the ALJ's Step 3 analysis. Accordingly, we agree that Cooke has waived appellate review of this claim and has not given us any reason to excuse the failure to object. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985) (explaining that, "because the rule is a nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interests of justice").

For these reasons, we affirm the district court's judgment granting the Commissioner's motion for a judgment on the pleadings and dismissing Cooke's civil action with prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4