# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2023

Lyle W. Cayce
Clerk

No. 21-30637

Brigith Dayana Gomez Barco,

*Petitioner—Appellant*,

*versus*

Diane Witte; I. Ramos; Merrick Garland; Alejandro Mayorkas,

*Respondents—Appellees*,

consolidated with

No. 21-30748

Sybreg Valentina Castro Balza,

*Petitioner—Appellant*,

*versus*

Merrick Garland, U.S. Attorney General; Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; Diane Witte, in her official capacity as Field Office Director, New Orleans District of U.S. Immigration and Customs Enforcement and Removal Operations; Indalecio Ramos, in his official capacity

No. 21-30637
c/w No. 21-30748

as Acting Warden of South Louisiana Immigration and
Customs Enforcement Processing Center,

*Respondents—Appellees.*

---

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:20-CV-497
USDC No. 6:20-CV-866

---

Before Jones, Smith, and Graves, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

Appellants Brigith Dayana Gomez Barco and Sybreg Valentina Castro Balza challenge the denial of attorney's fees under the Equal Access to Justice Act ("EAJA") following their successful habeas corpus actions. Because habeas corpus petitions are not purely civil in nature, and therefore do not unequivocally fall under the text of the EAJA, the district court decisions are AFFIRMED.

## Background

Brigith Dayana Gomez Barco and Sybreg Valentina Castro Balza are both citizens of Venezuela. They were both admitted to the United States as nonimmigrant visitors and remained in the United States beyond the expiration of their authorization to remain.

In May of 2018, Gomez Barco was convicted of several crimes and sentenced to 20 months and 15 days of imprisonment. In June of 2019, Gomez Barco was charged by the Department of Homeland Security (DHS) with removability under the Immigration and Nationality Act, and, on July 19, 2019, was taken into DHS custody. On August 9, 2019, an immigration

judge sustained the charge of removability and ordered Gomez Barco removed to Venezuela.

In May of 2019, Castro Balza was convicted of conspiracy to defraud the United States and sentenced to 18 months of imprisonment. After serving her sentence, Castro Balza was charged by DHS with removability under the Immigration and Nationality Act. On November 21, 2019, an immigration judge sustained the charge of removability, denied Castro Balza's request for voluntary departure, and ordered her removal to Venezuela.

DHS obtained a travel document for Gomez Barco from the Venezuelan consulate and informed her that removal to Venezuela was "likely in the reasonably foreseeable future." Similarly, on December 31, 2019, DHS submitted a request for travel documents from the Venezuelan government for Castro Balza. The Government attested that there was a significant likelihood that Castro Balza would be removed in the foreseeable future. The Parties dispute whether the Government was substantially justified in its conduct.

Both Gomez Barco and Castro Balza filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. The district courts granted both Petitions. Following her successful § 2241 petition, Gomez Barco moved for attorney's fees pursuant to the EAJA. The magistrate judge recommended that the motion be denied based on the finding that the EAJA does not apply to § 2241 actions. The district court agreed, but on "alternate grounds." Instead, the district court found that the Government's position was substantially justified and denied attorney's fees under the EAJA. Similarly, Castro Balza moved for attorney's fees under the EAJA, which the magistrate judge recommended be denied because the EAJA does not apply to Section 2241 actions. The district court again agreed that the motion for

attorney's fees should be denied, "but [did] so on alternate grounds," specifically that the "Government's position was substantially justified."

**Standard of Review**

A district court's decision to award (or not to award) attorney's fees under the EAJA is reviewed for abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 571 (1988). "A district court abuses its discretion when it makes an error of law or if it bases its decision on a clearly erroneous assessment of the evidence." *United States v. Wilcox*, 631 F.3d 740, 747 (5th Cir. 2011) (internal citation and quotation marks omitted).

**Discussion**

"[N]o suit may be maintained against the United States unless the suit is brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued." *Koehler v. United States*, 153 F.3d 263, 265 (5th Cir. 1998) (citation omitted). In order to recover attorney's fees against the Government, Gomez Barco and Castro Balza must show that the Government waived its sovereign immunity in this situation. Any waiver of the United States' sovereign immunity must be express, unequivocal, and any ambiguity therein strictly construed in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996). The EAJA allows a party who prevails in litigation against the Government to recover attorney's fees. "A plaintiff may be considered a 'prevailing party' under the EAJA 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Sims v. Apfel*, 238 F.3d 597, 600 (5th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The EAJA is a limited waiver of sovereign immunity, allowing for the imposition of attorney's fees and costs against the United States in specific civil actions. *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991). The relevant EAJA language provides that

4

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To meet its burden that "the position of the United States was substantially justified or that special circumstances make an award unjust," the Government must demonstrate that its position was "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. The threshold issue presented here, however, is whether the EAJA expressly and unequivocally waives the United States' sovereign immunity regarding attorney's fees in immigration habeas corpus actions.

In deciding whether Congress waived the government's sovereign immunity for an award of attorney's fees in habeas actions, "[o]ur task is to discern the 'unequivocally expressed' intent of Congress, construing ambiguities in favor of immunity." *United States v. Williams*, 514 U.S. 527, 531 (1995) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33, (1992)). We must determine whether a statutory waiver of sovereign immunity for awards of attorney's fees in "civil actions" unambiguously covers habeas corpus proceedings.

This court has recognized the hybrid nature of habeas corpus petitions. *See, e.g.*, *United States v. Johnston*, 258 F.3d 361, 365 (5th Cir. 2001) (noting that courts have found that a "§ 2255 motion is a hybrid, with characteristics indicative of both civil and criminal proceedings."); *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) ("habeas proceedings, though

5

No. 21-30637
c/w No. 21-30748

technically civil, are in reality hybrid cases whose nature is not adequately captured by the phrase 'civil action'") (citing *United States v. Cole*, 101 F.3d 1076, 1077 (5th Cir.1996)). Additionally, the Fourth Circuit held that the "EAJA's waiver of sovereign immunity to awards of attorney[']s fees does not extend to habeas corpus proceedings" because "courts have routinely regarded them as 'hybrid' actions." *O'Brien v. Moore*, 395 F.3d 499, 505, 508 (4th Cir. 2005). We agree that habeas corpus proceedings are hybrid actions.[1]

"[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane*, 518 U.S. at 192. Since "a habeas corpus proceeding is neither a wholly criminal nor a wholly civil action, but rather a hybrid action that is unique, a category unto itself[,]" it is not purely a civil action, and the EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions. *O'Brien*, 395 F.3d at 505. The court does not need to reach the issue of whether the Government was substantially justified in its actions. The district courts are AFFIRMED.

---

[1] We join the Fourth and Tenth Circuit's reasoning in *O'Brien* and *Ewing v. Rodgers*, 826 F.2d 967 (10th Cir. 1987) and reject the reasoning of the Second Circuit in *Vacchio v. Ashcroft*, 404 F.3d 663 (2d Cir. 2005) and the Ninth Circuit in *In re Petition of Hill*, 775 F.2d 1037 (9th Cir. 1985). The reason is straightforward: habeas proceedings are not purely civil actions, and the EAJA is clear that attorney's fees may be recovered only in civil actions.