# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2026

Lyle W. Cayce
Clerk

No. 25-30370

Muhammad Imran,

*Petitioner—Appellant*,

*versus*

Mellissa Harper; Todd Lyons; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Eleazar Garcia,

*Respondents—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:25-CV-841

Before Haynes, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Muhammad Imran, a native and citizen of Pakistan currently detained by the Department of Homeland Security (DHS), filed a "Complaint and Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241, asserting claims under the Administrative Procedures Act (APA), the Eighth Amendment, the Suspension Clause, the Due Process Clause of the Fifth

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30370

Amendment, and the Immigration and Nationality Act (INA); challenging his continued detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and seeking release from custody; and seeking to halt his imminent removal. He also moved for a temporary restraining order (TRO). Finding that it lacked jurisdiction under 8 U.S.C. § 1252(a)(5) because Imran was challenging his removal order via his § 2241 petition, the district court denied his motion for TRO and transferred the matter to this court.

On appeal, Imran argues that the district court erred in concluding that it lacked jurisdiction over his § 2241 petition because he is "challenging his detention, not his removal, via the petition for habeas corpus." The government agrees that the district court had jurisdiction to hear Imran's Due Process claim and his claim under *Zadvydas* in his § 2241 petition because they directly challenge his continued detention.[1] Because district courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention, *see Demore v. Kim*, 538 U.S. 510, 517 (2003), the district court erred in transferring Imran's Due Process claim and his *Zadvydas* challenge to this court.[2]

Imran also argues that his request for a stay of removal "simply sought to preserve the status quo so the court can address his detention-related claim, without interfering or reversing the underlying removal order." A

---

[1] The government contends that the district court lacked jurisdiction to hear Imran's claims to enjoin his removal order and his claims under the APA, the Suspension Clause, and the Eighth Amendment.

[2] Imran also argues that this court should issue a writ of habeas corpus ordering his immediate release from custody based on the claims he asserts in his complaint and § 2241 petition. Although his Due Process claim and *Zadvydas* challenge to his detention are cognizable in a § 2241 petition, we lack original jurisdiction to consider them. *See* § 2241(a); *Zimmerman v. Spears*, 565 F.2d 310, 316 (5th Cir. 1977) ("It is beyond peradventure that the Courts of Appeal are not vested with jurisdiction to entertain a petition for a writ of habeas corpus as an original matter.").

request for stay of removal is a challenge to a removal order. *See In re Asemani*, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order). Federal courts lack jurisdiction over "claims connected directly and immediately with a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'" *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999) (quoting 8 U.S.C. § 1252(g)). The district court lacked jurisdiction to grant such relief. *See Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); *Idokogi v. Ashcroft*, 66 F. App'x 526, 526 (5th Cir. 2003) (same).

As for his claims under the APA, the Suspension Clause, the Eighth Amendment, and the INA, Imran does not address whether § 2241 provides jurisdiction and potential relief from detention based on those claims. Nor does he advance any argument establishing an independent basis for this court's jurisdiction over these claims, so they should be dismissed. *See, e.g., In re Asemani*, 2025 WL 1823953, at *1 (exercising discretion to dismiss § 2241 petition rather than transferring the case where the district court would lack jurisdiction to grant requested relief).

Finally, Imran's complaint and § 2241 petition request attorney's fees under the Equal Access to Justice Act (EAJA), and he also seeks an award of attorney's fees for this appeal. EAJA "does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions." *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023). And as noted, Imran has not demonstrated jurisdiction over claims that do not relate to his continued detention.

No. 25-30370

\*      \*      \*

We AFFIRM the dismissal of Imran's motion for a temporary restraining order, DISMISS his claims under the APA, the Suspension Clause, the Eighth Amendment, and the INA for lack of jurisdiction, DISMISS his request for attorney's fees under the EAJA, and REMAND for consideration of his continued detention under § 2241.